909 F.2d 1495
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Edward O. HAMILTON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3256.
 United States Court of Appeals, Federal Circuit.
 July 17, 1990.
 
 Before PLAGER, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Edward O. Hamilton appeals from the March 5, 1990, decision of the Merit Systems Protection Board (Board), No. DC831E8910258, denying his petition for review of the initial decision of the Board, issued on June 5, 1989, that dismissed his appeal as settled, and dismissing his appeal. We affirm.
 
 OPINION
 
 2
 We review the Board's decision to determine if it is arbitrary, capricious, an abuse of discretion, procedurally defective, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 3
 During the course of Hamilton's hearing for his application for disability retirement, he and the Office of Personnel Management (OPM) entered into an "attempt to accommodate his physical limitation" settlement agreement. Hamilton argues that the settlement agreement should be voided, or, in the alternative, that OPM has breached this agreement and his OPM hearing should now be reopened.
 
 
 4
 Specifically, he argues that, by mutual mistake, the settlement agreement failed to include a provision that he was eligible for disability retirement from May 5, 1987. This court has previously stated that "One who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted." Asberry v. United States Postal Service, 692 F.2d 1378, 1380 (Fed.Cir.1982) (quoting Callen v. Pennsylvania Railroad Co. 332 U.S. 625, 630 (1948)). OPM states that it did not intend such a provision to be included in the agreement nor would it ever. The Board's finding that the agreement is valid as written is supported by substantial evidence.
 
 
 5
 Hamilton never argued to the OPM or Board that OPM had breached the agreement. If an issue has not been presented to the Board, that issue cannot be presented for the first time to this court. Wallace v. Department of the Air Force, 879 F.2d 829, 832 (Fed.Cir.1989). In addition, the petitioner has not shown how OPM breached this agreement.