64 F.3d 678
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
June A. SALANIK, Petitioner,
v.
DEPARTMENT OF DEFENSE, Respondent.
 No. 95-3327.
 United States Court of Appeals, Federal Circuit.
 Aug. 24, 1995.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner June A. Salanik seeks review of the decision of the Merit Systems Protection Board (MSPB) in Docket No. DC-1221-94-0361-X-1, which dismissed her petition for enforcement of a settlement agreement entered into between petitioner and the Defense Logistics Agency (DLA or agency). We affirm the decision of the MSPB.
 
 DISCUSSION
 I. Background
 
 2
 Ms. Salanik was employed by the DLA as an Inventory Management Specialist. In March of 1993, the DLA began implementation of an organizational restructuring. On March 29, 1993, Ms. Salanik was notified that she would be detailed to the Corporate Administration, Foreign Military Sales Team. This detail was later changed to the Executive Directorate for Distribution. On November 14, 1993, Ms. Salanik was formally reassigned to the position of Distribution Facilities Specialist.
 
 
 3
 On September 2, 1993, Ms. Salanik filed a complaint with the United States Office of Special Counsel (Special Counsel) alleging that her detail had been changed solely in retaliation for her whistleblowing activity. The Special Counsel, upon evidence submitted by Ms. Salanik, concluded that no further investigation was warranted and the matter was considered closed. Ms. Salanik filed an individual right of action appeal with the MSPB on March 15, 1994.
 
 
 4
 The MSPB advised Ms. Salanik that it would adjudicate her request for corrective action only if it determined that the evidence submitted to the Special Counsel, specifically a letter dated June 5, 1992, constituted a protected whistleblowing disclosure. Ms. Salanik submitted her evidence and on May 19, 1994, a hearing on the matter was conducted before the MSPB. During the hearing the administrative judge ruled that the June 5, 1992 letter was plainly not a protected whistleblowing disclosure. After the May 19, 1994 hearing, the DLA and Ms. Salanik executed a written settlement agreement. She agreed to withdraw, with prejudice, her appeal to the MSPB and resign from Federal Service in exchange for a $30,000 payment by the agency.
 
 
 5
 Ms. Salanik received a check for $19,065--the $30,000 payment less Federal taxes, state taxes, and Medicare charges. She petitioned the MSPB for enforcement of the settlement agreement. On November 22, 1994, the administrative judge found that the payment was for damages and not backpay, and therefore, that no taxes should have been deducted. The agency was ordered to pay Ms. Salanik $10,935 and submit evidence of compliance to the MSPB. On December 2, 1994, the agency mailed a check for $10,935 to Ms. Salanik. The agency then submitted a letter to the MSPB showing compliance with the order. On February 5, 1995, the full Board held that the agency was in compliance and dismissed the petition for enforcement as moot.
 
 II. Analysis
 
 6
 Ms. Salanik has failed to establish any deficiency in the decision of the MSPB. She has submitted a statement, affirming that the agency had fully complied with the terms of the settlement agreement. However, she contends that during the May 19, 1994 hearing the administrative judge failed to consider all the evidence she presented. She also argues that the administrative judge improperly found that the June 5, 1992 letter did not constitute whistleblowing activity.
 
 
 7
 In the settlement agreement, Ms. Salanik agreed to withdraw, with prejudice, the appeal or any claim she may have against the agency arising from her employment with the agency. An agreement between an agency and a petitioner settling their dispute is a final and binding resolution of an appeal in the MSPB. Perry v. Department of the Army, 992 F.2d 1575, 1577 (Fed.Cir.1993) (citing 5 C.F.R. Sec. 1204.41(c)(2) (1992)). To set aside the settlement agreement, Ms. Salanik must demonstrate that "the contract ... is tainted with invalidity, either by fraud ... or by mutual mistake." Asberry v. United States Postal Service, 692 F.2d 1378, 1380 (Fed.Cir.1982) (citing Callen v. Pennsylvania Railroad Co., 332 U.S. 625, 630 (1948)). Ms. Salanik has pointed to no evidence in the record to suggest that the settlement agreement is tainted with fraud or mutual mistake. Clearly, she has failed to discharge her burden.
 
 
 8
 In her appeal, she alleges for the first time that she signed the agreement "because of her psychological and physical well-being." This contention was not presented to the MSPB. Therefore, we decline to consider the argument, especially because she did not raise it in sufficient time to allow for correction by the MSPB. See Wallace v. Department of the Air Force, 879 F.2d 829, 832 (Fed.Cir.1989).
 
 
 9
 Accordingly, we affirm the MSPB's decision dismissing Ms. Salanik's petition as moot.