Kellie Y. GALLEGOS, Petitioner,

v.

**DEPARTMENT OF INTERIOR,**
**Respondent.**

No. 00–3384.

United States Court of Appeals,
Federal Circuit.

March 6, 2001.

Before CLEVENGER, SCHALL, and DYK, Circuit Judges.

PER CURIAM.

Kellie Y. Gallegos seeks review of the final decision of the Merit Systems Protection Board ("Board"), which adopted the initial decision of the administrative judge as final. *Gallegos v. Department of the Interior*, No. DE0752990257–I–1, 2000 WL 900668 (M.S.P.B. May 24, 2000) (final order). In the initial decision, the administrative judge affirmed the Department of the Interior's ("agency") decision to dismiss Ms. Gallegos for being absent without leave ("AWOL"). *Gallegos v. Department of the Interior*, No. DE0752990257–I–1 (M.S.P.B. Oct.14, 1999) (initial decision). Because Ms. Gallegos has not established error in the Board's decision, we *affirm.*

I

Before her removal, Ms. Gallegos was employed by the agency as a Contract Specialist in the Bureau of Indian Affairs, Aberdeen Area Office in Aberdeen, South Dakota. Ms. Gallegos left work in early August 1998, following the birth of her third child. Desiring time to breast-feed her child away from the stress of work, Ms. Gallegos requested additional leave for the November 9, 1998, to February 27, 1999, time period. These additional leave requests were beyond the twelve weeks of maternity leave allowed for under the Family and Medical Leave Act ("FMLA") codified at 5 U.S.C. § 6382(a)(1)(A). Ms. Gallegos' supervisor, Mr. Zephier, denied these additional leave requests and informed her that agency work demands necessitated her return in November 1998.

It is undisputed that Ms. Gallegos did not return to work as requested until after

February 27, 1999, at which time she had been AWOL for approximately three and a half months. Furthermore, the administrative judge found that she did not attempt to resolve the situation with her supervisor by seeking workplace accommodations, which could have permitted her to continue breast-feeding, nor did she submit medical documentation for her asserted medical inability to return.

Ms. Gallegos' sole affirmative defense was that the agency removed her in retaliation for previous discrimination complaints against the agency made by both herself and her husband.[1] Under 5 U.S.C. § 2302(b)(9)(A), it is a prohibited practice to take a personnel action against an employee because of the exercise of any "complaint or grievance right granted by any law, rule or regulation." *See also Warren v. Dep't of the Army*, 804 F.2d 654, 656–58 (Fed.Cir.1986) (discussing the elements of a claim of illegal reprisal for the exercise of protected grievance rights). After hearing witness testimony, including testimony from Ms. Gallegos, her husband, her husband's secretary, and Mr. Zephier, the administrative judge found that such impermissible retaliation had not been established. Specifically, the administrative judge found that the evidence did not show disparate treatment within the agency, nor was a genuine nexus shown between the denial of leave and the resulting AWOL charge and Ms. Gallegos' previous discrimination complaints.

The administrative judge then held that the penalty of removal was reasonable given Ms. Gallegos' intentional and prolonged AWOL offense.

## II

The scope of our review of a decision of the Board is limited. We must affirm the decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994); *Cheeseman v. Office of Personnel Mgmt.*, 791 F.2d 138, 140 (Fed.Cir.1986). Our function as a reviewing court is to determine whether the Board's findings are supported by substantial evidence; we do not perform a *de novo* review of the facts. *Bevans v. Office of Personnel Mgmt.*, 900 F.2d 1558, 1565 (Fed.Cir.1990).

Ms. Gallegos argues that the Board's hearing was procedurally defective because certain witnesses were not allowed to testify. However, Ms. Gallegos does not identify the witnesses she alleges were improperly excluded, nor does she provide any citation to the record in support of her argument. It is clear from the administrative judge's opinion that Ms. Gallegos was allowed to testify on her own behalf, and that both her husband and her husband's secretary also testified for her. However, the opinion makes no reference to any issue regarding the exclusion or absence of other witnesses. Absent any evidence in the record to support Ms. Gallegos' allegations on appeal that witnesses were excluded, no procedural error or abuse of discretion is apparent.

Furthermore, this court does not consider issues raised for the first time upon appeal:

Ordinarily, appellate courts refuse to consider issues not raised before an administrative agency. "[O]bjections to the proceedings of an administrative agency [must] be made while it has an

---

1. While it is not entirely clear, it appears that her husband was also employed by the Bureau of Indian Affairs in its Aberdeen Area Office.

opportunity for correction in order to raise issues reviewable by the courts." *Wallace v. Dep't of the Air Force,* 879 F.2d 829, 832 (Fed.Cir.1989) (quoting *United States v. Tucker Truck Lines,* 344 U.S. 33, 37, 73 S.Ct. 67, 97 L.Ed. 54 (1952) (internal citations omitted)). As Ms. Gallegos cites to no evidence that she raised the issue of additional witnesses to the Board, we decline to consider the issue here.

Ms. Gallegos additionally claims that a conflict problem with her first attorney forced her to obtain a second attorney, who was given insufficient time to prepare her case. Again, Ms. Gallegos cites to no evidence demonstrating that this factual situation occurred, or that the issue was raised at any time prior to this appeal. The administrative judge's opinion makes no mention of this issue. For the reasons stated above, we decline to consider this issue on appeal.

Ms. Gallegos additionally sets forth mitigating factors which she alleges the Board should have considered, specifically: (1) that management contributed to a hostile work environment and retaliation; (2) that because a birth is a one-time event a repeat AWOL occurrence was unlikely; and (3) that the circumstance was resolved upon her return to work. However, it is clear that the administrative judge considered these factors in the initial decision.

Specifically, the administrative judge found that the agency did not impermissibly retaliate against Ms. Gallegos. Furthermore, the administrative judge found that the seriousness of Ms. Gallegos' prolonged and intentional AWOL was just cause for her removal despite her years of discipline-free good work and the fact that this was her first offense of AWOL. Additionally, the administrative judge found that the seriousness of the offense was not overcome by the foreseeable end to the leave when Ms. Gallegos returned to work.

In short, these mitigating factors were taken into account by the administrative judge, but were found insufficient to overcome the seriousness of the AWOL offense. We discern no abuse of discretion in the administrative judge's decision regarding the weight to afford these mitigating factors.

For the reasons set forth herein, we affirm the decision of the Board.