Rafael R. VILLAFLOR, Petitioner,

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
Respondent.

No. 03–3294.

United States Court of Appeals, Federal Circuit.

DECIDED: Sept. 8, 2004.

Michael Bahler, Donald E. Kinner, David M. Cohen, Department of Justice, Washington, DC, for Respondent.

Rafael R. Villaflor, Zambales, Philippines, pro se.

Before MICHEL, RADER, and PROST, Circuit Judges.

PER CURIAM.

Appellant Rafael R. Villaflor seeks review of the decision of the Merit Systems Protection Board (Board), affirming the Office of Personnel Management's (OPM's) decision to dismiss Mr. Villaflor's untimely filed request for reconsideration. *Villaflor v. Office of Pers. Mgmt.*, SE–0831–03–0113–I–1 (MSPB May 13, 2003). Because the Board's determination was not arbitrary or capricious, this court *affirms*.

## BACKGROUND

On November 26, 2001, the OPM issued its initial decision denying Mr. Villaflor's deferred annuity application under the Civil Service Retirement System on the ground that he had never held a position subject to the Civil Service Retirement Act. The initial decision advised Mr. Villaflor that OPM must receive a request for reconsideration of the decision within thirty calendar days from the date of the initial decision. 5 C.F.R. § 831.109(e)(1). Thus, in this case, Mr. Villaflor's request for reconsideration had to be received by OPM no later than December 26, 2001 to be timely. OPM further stated that "OPM can extend the time limit if you can show that you (1) were not notified of the time limit and were not otherwise aware of it or (2) were prevented from responding by a cause beyond your control." Mr. Villaflor's request was dated August 5, 2002 and mailed August 27, 2002. Mr. Villaflor failed to provide any evidence to indicate he was unaware of the time limit or that he was prevented from responding by a cause beyond his control. OPM subsequently denied Mr. Villaflor's request for reconsideration on the ground that it was untimely. Mr. Villaflor appealed to the Board claiming that OPM's dismissal of his reconsideration request was unreasonable and an abuse of discretion. *Villaflor*, slip op. at 3. Specifically, Mr. Villaflor argued that OPM treated him more harshly than other applicants who had also filed untimely requests, but were nevertheless given reconsideration decisions.

At the Board's request, OPM provided an explanation detailing why other applicants who had filed untimely reconsideration requests received reconsideration on the merits of their applications. OPM explained that the named applicants should have been denied reconsideration and that OPM cannot be subsequently estopped from applying statutory or regulatory requirements due to agency error. *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 110 S.Ct. 2465, 110 L.Ed.2d 387 (1990). The Board also provided an opportunity for Mr. Villaflor to explain the circumstances that caused his delay in requesting reconsideration, along with supporting evidence. Mr. Villaflor failed to provide any explanation and the Board affirmed OPM's decision. *Villaflor*, slip op. at 4. Mr. Villaflor now appeals the Board's final determination to this court.

## DISCUSSION

█ This court must affirm any agency action, finding, or conclusion not found to be: (1) arbitrary or capricious, an abuse of

discretion, or otherwise not in accordance with the law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Hayes v. Dep't of Navy,* 727 F.2d 1535, 1537 (Fed.Cir.1984).

On appeal, Mr. Villaflor argues for the first time that OPM's instructions regarding filing reconsideration requests were misleading and the correct individual did not process his reconsideration request. Specifically, Mr. Villaflor argues that contrary to OPM's instructions, which advise parties to send requests to an OPM office in Boyers, PA, section 831.109(e)(1) states that the Associate Director for Compensation is responsible for reconsideration requests. 5 C.F.R. § 831.109(e)(2). At no time did Mr. Villaflor raise this issue before the Board. It is well-settled law that appellants from an administrative agency decision may not raise claims for the first time on appeal. *Kachanis v. Dep't of Treasury,* 212 F.3d 1289, 1293 (Fed.Cir. 2000); *Wallace v. Dep't of Air Force,* 879 F.2d 829, 832 (Fed.Cir.1989). Accordingly, this court will not consider Mr. Villaflor's allegation that OPM failed to forward his reconsideration request to the proper authority within OPM.

■ OPM has the discretion to extend the time limit for filing a request for reconsideration when: (1) the individual shows that he was not notified of the time limit and was not otherwise aware of it or (2) he was prevented by circumstances beyond his control from making the request within the time limit. 5 C.F.R. § 831.109(e)(1); *Azarkhish v. Office of Pers. Mgmt.,* 915 F.2d 675, 677 (Fed.Cir. 1990). Mr. Villaflor does not dispute that he was aware of the time limit for filing the request for reconsideration. Additionally, Mr. Villaflor has submitted no evidence that OPM's allegedly unclear instructions prevented him from making the request within the requisite time limit.

Because the Board's determination that Mr. Villaflor's request was untimely is neither arbitrary nor capricious, this court affirms.