NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3025

EDWARD J. REYNOLDS,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

_____

DECIDED:    May 13, 2005

_____

Before RADER, DYK, and PROST, Circuit Judges.

PER CURIAM.

Edwards J. Reynolds ("Reynolds") seeks review of the final decision of the Merit Systems Protection Board ("Board").  See Reynolds v. Dep't of the Army, No. SE0752030072-I-2 (M.S.P.B. Sept. 22, 2003).  We affirm.

BACKGROUND

Prior to his removal from service on November 1, 2002, Reynolds was employed by the United States Army Corps of Engineers ("Army") as a Project Manager and supervised approximately 100 employees.

Based on the results of an internal investigation and after review of evidence retrieved from Reynolds' computer, the proposing official issued a Notice of Proposed Removal on June 17, 2002.  The notice contained nine charges of misconduct, each of which contained multiple specifications:  1) sexual harassment; 2) abuse of supervisory

authority; 3) favoritism; 4) conduct unbecoming a supervisor; 5) lack of candor; 6) misuse of government computers; 7) attempting to impede a government investigation; 8) false statements; and 9) failure to observe written regulations, orders, rules, or procedures.

Upon review of the record evidence; consideration of Reynolds' written and oral responses; and application of the factors set forth in Douglas v. Veterans Admin., 5 M.S.P.R. 280 (1981), the deciding official issued a final decision on October 31, 2002, sustaining all the charges and removing Reynolds from federal service in order to promote the efficiency of the service.

While his removal was being considered, Reynolds initiated a complaint with the Office of Special Counsel ("OSC") alleging retaliation under the Whistleblower Protection Act ("WPA") for his issuance of a memorandum to staff regarding the need to curtail use of unofficial compensatory overtime. The OSC declined to pursue an investigation, finding that the memorandum was not a protected disclosure; that there was insufficient information to justify an investigation of Reynolds' allegations of prohibited personnel practices; and that such practices did not appear related to the removal action.

Reynolds appealed to the Board. The administrative judge issued an eighty-page initial decision on September 22, 2003, sustaining at least one specification for each of the first eight charges.

The administrative judge summarized Reynolds' misconduct as follows:

[Reynolds] engaged in sexual harassment of a subordinate supervisor . . . and favoritism toward a lower-graded employee . . . based on a personal relationship. Employees' perceptions of the personal relationship caused consternation, turmoil and apprehension within the work force. When the

agency attempted to investigate possible improprieties, appellant claimed that the personal relationship was strictly professional, refused to discuss the relationship any further, was less than candid in regard to several aspects of his conduct at work, and attempted to impede the investigation by deleting large numbers of files from his government computer. Finally, when appellant's government computer was examined, it was discovered that appellant had accessed pornographic web sites and engaged in improper personal communications.

The administrative judge noted that Reynolds' "general credibility was very poor." Finding a clear nexus between Reynolds' misconduct and the efficiency of the service as "[a]ll of the charges involve[d] work-related misconduct," and further finding that Reynolds had failed to prove any of his asserted affirmative defenses, the administrative judge affirmed the agency's removal action.

The full Board denied Reynolds' petition for review. We have jurisdiction to review the Board's decision pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must sustain the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000).

Reynolds challenges the administrative judge's factual findings, in large part based on allegedly erroneous credibility determinations. "The credibility determinations of an administrative judge are virtually unreviewable on appeal." Bieber v. Dep't of the Army, 287 F.3d 1358, 1364 (Fed. Cir. 2002). Substantial evidence supports the findings that the agency has proved at least one specification for every substantive charge by a

05-3025                                3

preponderance of the evidence, and the charges were therefore properly sustained. LaChance v. Merit Sys. Prot. Bd., 147 F.3d 1367, 1371 (Fed. Cir. 1998).[1]

The Board did not err in finding that Reynolds failed to demonstrate by a preponderance of the evidence any of the affirmative defenses raised. 5 U.S.C. 7701(c)(2); 5 C.F.R. § 1201.56(a)(2) & (b). On appeal, Reynolds focuses in particular on his allegations of reprisal for whistleblowing. The administrative judge correctly found the memorandum regarding the use of unofficial compensatory time, which on its face was "nothing more than a 'sudden change of policy,'" was not a protected disclosure under 5 U.S.C. § 2302(b)(8). See Huffman v. Office of Pers. Mgm't, 263 F.3d 1341, 1352 (Fed. Cir. 2001) (reports made as part of assigned normal job responsibilities not covered by WPA); Herman v. Dep't of Justice, 193 F.3d 1375, 1379 (Fed. Cir. 1999) (WPA protection does not extend to disclosure of trivial matters that do not represent a "substantial and specific danger to public health or safety.") (citations omitted).

Reynolds further contends that the Board failed to consider an alleged violation of an Army regulation requiring that an investigating officer "be senior to any person whose conduct or performance of duty may be investigated" and that Lt. Col. Holt, the official who carried out the investigation, was not senior to himself. (Pet'r Br. at 12.) Reynolds has not shown that this issue was raised below, although he submitted a copy of the pertinent regulation to the administrative judge as a hearing exhibit. The "mere

---

[1] In sustaining the decision we do not reach the question of its propriety with respect to Specification 1 of Charge 4, related to Reynolds' physical contact with Olive McCreary at a staff party; Specification 5 of Charge 6, regarding an email sent by Reynolds containing his views about his job; and Specification 6 of Charge 6, relating to emails that Reynolds received from Olive McCreary.

citation" of the regulation, without more, is not sufficient to preserve the issue for appeal. Wallace v. Dep't of the Air Force, 879 F.2d 829, 832-833 (Fed. Cir. 1989).

We have considered Reynolds' other arguments and find them to be without merit.

## CONCLUSION

For the foregoing reasons, the decision of the Board is affirmed.

## COSTS

No costs.