**Janet L. WALLACE, Petitioner,**

v.

**DEPARTMENT OF THE AIR FORCE, Respondent.**

No. 88–3301.

United States Court of Appeals, Federal Circuit.

July 12, 1989.

---

David Stern, of Bernabei & Katz, Washington, D.C., argued for petitioner. With him on the brief were Lynne Bernabei and Debra Katz.

Joseph J. Traficanti, of the United States Air Force, Office of the Judge Advocate General, Washington, D.C., argued for respondent. With him on the brief were John R. Bolton, Asst. Atty. Gen., and Morris A. Tanner, United States Air Force.

Before FRIEDMAN and MICHEL, Circuit Judges, and SKELTON, Senior Circuit Judge.

FRIEDMAN, Circuit Judge.

This is a petition to review a decision of the Merit Systems Protection Board (Board) upholding the removal of the petitioner for unacceptable performance. *Wallace v. Department of Air Force*, 36 M.S. P.R. 573 (1988). We affirm.

I

The petitioner, Ms. Wallace, served with the Air Force as a clerk-typist and clerk from January 1977 until her removal in April 1983. During her last two years there, Ms. Wallace received overall evaluation ratings of "unacceptable" in her first and second performance appraisals and was denied two consecutive "within-grade increases." The first performance appraisal rated Ms. Wallace as not meeting the standard in three critical job performance elements: office administration, final product implementation, and contacts and communications. The performance rating noted the following comment pertaining to the office administration element: "Workload flow is unsatisfactory since both high and lower priority work must frequently be given to another secretary to insure established deadlines are met."

At counseling sessions held after the first appraisal, her supervisor, Mr. Ellis, informed Ms. Wallace of the need to improve her typing, proofreading, attention to detail and office procedure, and filing. Mr. Ellis assigned his lead secretary, Ms. Capps, to review Ms. Wallace's work, to point out errors, and otherwise to assist Ms. Wallace in improving her performance.

The second performance appraisal rated Ms. Wallace's performance as unacceptable in the critical elements of office administration and final product implementation. The rating listed the following under "Office Administration:" "(b) Backlog of unfiled material is high and the condition of the assigned files was not acceptable, requiring the senior secretary to redo them. (c) Workload does not flow smoothly and sus-

penses have been missed. Supervisory assistance is required frequently to set priorities due to the high typing backlog."

The Air Force subsequently removed Ms. Wallace for "failure to adequately meet the standards for [two] critical elements [office administration and final product implementation]" of her job.

Ms. Wallace filed a formal complaint with the Equal Employment Opportunity Commission (EEOC) alleging age discrimination in her removal. After a hearing, the EEOC Complaints Examiner recommended a finding of no discrimination, a recommendation which the Air Force adopted.

Ms. Wallace then appealed her removal to the Board. After a hearing, at which the transcript from the EEOC proceeding was incorporated into the record, the administrative judge sustained the removal on the basis of Ms. Wallace's unacceptable performance of the critical element "Final Product Implementation," as evidenced by her typing and formatting errors.

The Board vacated the initial decision and remanded the case for further proceedings, *Wallace v. Department of the Air Force*, 34 M.S.P.R. 605 (1987), because the administrative judge had improperly relied on carbon copies, rather than final work-product, in making his findings regarding typing errors.

On remand, the administrative judge again sustained the removal, this time on the ground that Ms. Wallace's unacceptable performance in two components of the critical element "Office Administration"—untimely filing of documents and unacceptable work flow—was supported by substantial evidence. The Board denied review of that decision.

II

Under 5 U.S.C. § 4303(a) (1982), an agency may remove an employee for "unacceptable performance," which 5 U.S.C. § 4301(3) defines as performance that "fails to meet established performance standards in one or more critical elements of such employee's position." Section 4302(b)(1) requires the establishment of

"performance standards which will, to the maximum extent feasible, permit the accurate evaluation of job performance on the basis of objective criteria ... related to the job in question for each employee or position...."

A. Ms. Wallace first contends that the performance standards upon which she was evaluated and removed are vague, subjective, and nonspecific, and therefore her removal was invalid under 5 U.S.C. § 4302 and this court's decision in *Wilson v. Department of Health and Human Servs.*, 770 F.2d 1048 (Fed.Cir.1985). The Air Force Performance Standards with regard to these two components are as follows:

(b) Backlog of unfiled material is minimal. Formal inspections reveal few minor and no major deficiencies.

(c) Workload flows smoothly with little interruption, following established priorities. Problems of priority conflict are promptly referred to the supervisor for resolution.

Because Ms. Wallace failed properly to raise this issue before the Board, it is not open to her on this appeal, and we do not consider it. *Meglio v. Merit Sys. Protection Bd.*, 758 F.2d 1576, 1577 (Fed.Cir. 1985); *Thomas v. General Servs. Admin.*, 794 F.2d 661, 666 (Fed.Cir.1986).

■ Ordinarily, appellate courts refuse to consider issues not raised before an administrative agency. *Cecil v. Department of Transp.*, 767 F.2d 892, 894 (Fed.Cir. 1985); *Synan v. Merit Sys. Protection Bd.*, 765 F.2d 1099, 1101 (Fed.Cir.1985); *Haynes v. United States*, 190 Ct.Cl. 9, 418 F.2d 1380, 1383 (1969). "[O]bjections to the proceedings of an administrative agency [must] be made while it has an opportunity for correction in order to raise issues reviewable by the courts." *United States v. Tucker Truck Lines*, 344 U.S. 33, 37, 73 S.Ct. 67, 69, 97 L.Ed. 54 (1952); *cf. Pine v. United States*, 178 Ct.Cl. 146, 371 F.2d 466, 468 (1967). A corollary is that the issue must be raised with sufficient specificity and clarity that the tribunal is aware that it must decide the issue, and in sufficient time that the agency can do so.

■ The ways in which Ms. Wallace claims she raised the issue did not alert the administrative judge that the issue was before him. Ms. Wallace's only explicit challenge to the validity of the performance standards was in her petition to the Board to review the second decision of the administrative judge, which the Board denied. That attempt to raise the issue came too late, since the administrative judge had no opportunity to receive evidence on the issue or to decide it. *Meglio, supra* ("Where petitioner fails to frame an issue before the presiding official and belatedly attempts to raise that same issue before the full board, and the board properly denies review of the initial decision, petitioner will not be heard for the first time on that issue in the Federal Circuit" [footnote omitted]). The Board cannot be faulted for refusing to consider the issue.

The other instances in which Ms. Wallace alleges she raised the issue either were not sufficiently explicit or were not before the Board.

■ Ms. Wallace points to three statements made by her union representative. The first stated that "5 U.S.C. 4302(b)(1) call[s] for job criteria to be 'objective,' not punitive." That statement was made not before the Board but to the Air Force in response to its notice of proposed removal. The present case is unlike the Board's *Callaway* decision upon which the dissent relies. *Callaway* held that because the employee had alleged in her response to the agency's notice of proposed removal that her job performance standards were invalid, the presiding official had not improperly expanded the proceedings by considering that issue. In this case, unlike *Callaway*, Ms. Wallace did not adequately raise the performance standards issue before the administrative judge, who did not consider it.

The second statement was that "[i]t is also contained in Section 4302 ... that the employee has a right to an objective appraisal of his or her performance...." That was an isolated statement made during the EEOC hearing. The administrative judge could not fairly be expected to comb the lengthy transcript of the EEOC pro-

ceeding in order to determine whether Ms. Wallace had raised the issue. The third statement, made at the initial hearing before the administrative judge, addressed only the objectivity of the performance standards with regard to Ms. Wallace's typing, an issue not before us on this appeal.

Finally, Ms. Wallace refers to her Statement of Facts and Issues and Witness List that she submitted to the administrative judge. The only issue she set forth was:

> Did the Agency comply with the requirements of law and regulations, specifically, 5 U.S.C. 4302, and AFR 40–452, and with case law and precedents, in their removal of Ms. Janet L. Wallace, from her position with the Air Force effective April 15, 1983, or was it a personal action based on some motivation of her supervisor Mr. Richard Ellis?

■ Neither this statement nor the three paragraphs that followed adequately alerted the administrative judge that Ms. Wallace was challenging the validity of the performance standards for her job. The mere citation of the statute and regulations did not serve that function. The only issue this statement appeared to raise was whether Ms. Wallace was removed for unacceptable performance or because of some personal reason of her supervisor.

There have been occasional instances in which this court or its predecessor has considered issues not properly raised before an agency or remanded the case to the agency to consider them. *Beard v. General Servs. Admin.*, 801 F.2d 1318, 1321 (Fed.Cir.1986); *Fucik v. United States*, 228 Ct.Cl. 379, 655 F.2d 1089, 1094–95 (1981); *American Elec. Contracting Corp. v. United States*, 217 Ct.Cl. 338, 579 F.2d 602, 610 (1978). We discern nothing in this case, however, that induces us to depart from the general principle and determine an issue that was not properly raised before or decided by the Board. *Cf. Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976); 4 K. DAVIS, ADMINISTRATIVE LAW TREATISE § 26:7, at 444 (2d ed. 1983).

B. Ms. Wallace also challenges the sufficiency of the evidence supporting the administrative judge's finding that her performance in two of the components of the critical elements "Office Administration" was unacceptable. She contends that the administrative judge's findings on the "work flow" component of the office administration element were based solely upon "general testimonial evidence" that did not refer to any specific instances of unacceptable performance.

■ We know of no rule that precludes a finding of unacceptable performance based on general testimony. The issue before us is whether the findings of unacceptable performance are supported by substantial evidence, not whether that evidence related to specific instances of such performance.

■ Those findings are supported by substantial evidence, which includes evidence of specific instances of defective performance.

The evidence with regard to the work flow component included the sample documents submitted by the Air Force. The administrative judge stated that "[s]uch examples, albeit limited, support the agency's contention that because the appellant's work required an excessive amount of review and correction the work flow was not smooth." In addition, Ms. Capps, whose testimony the administrative judge credited, stated that Ms. Wallace was unable to keep her work flowing smoothly, that "half of her work didn't get done," and that "it took Ms. Wallace a long time to do anything." Moreover, Mr. Lymburner, a member of the office where Ms. Wallace worked, stated in testimony taken at the EEOC hearing (which was introduced at the Board hearing) that "there were a lot of things (assigned to Ms. Wallace) that didn't get done when [he] wanted them," that "sometimes" work product was "[n]ot done correctly the first time or second [time]," and that "close to one hundred percent" of complex documents initially done by Ms. Wallace were incorrect or had to be redone. The administrative judge's finding on the work flow component was supported by substantial evidence.

Since unacceptable performance in only a single component of a critical job element may be sufficient to justify removal for unacceptable performance, *Shuman v. Department of Treasury*, 23 M.S.P.R. 620, 628 (1984), that finding alone would sustain Ms. Wallace's removal. The finding with regard to the filing backlog component, however, also is supported by substantial evidence.

Mr. Ellis testified that Ms. Wallace had a backlog of unfiled materials during the November 23, 1982 rating period, that on one occasion the filing backlog "was something like a foot high," and that Ms. Wallace had allowed a particular backlog to continue six or seven weeks after she had been told to reduce it. Ms. Capps testified that Ms. Wallace did not keep current with her filing, that "after Ms. Wallace left" there was "a whole bunch that hadn't been filed at all," and that "[s]ome of it was a year old."

The administrative judge correctly rejected Ms. Wallace's contention that her removal was defective because the Air Force failed to prove the element of the filing backlog standard that required that "[f]ormal inspections reveal few minor and no major deficiencies." As the administrative judge pointed out, "this 'formal inspection' portion of the component is not material to an evaluation of the appellant's work under the component as a whole because, as shown below, the appellant's filing work was periodically reviewed and found deficient."

■ C. Finally, Ms. Wallace contends that 5 U.S.C. § 4303(b)(1) (1982) provides that an agency may not introduce evidence before the Board that goes beyond the specific instances of unacceptable performance identified in the notice of proposed removal. Neither the statutory section nor its legislative history so provide. Section 4303(b)(1) states in pertinent part only:

(b)(1) An employee whose reduction in grade or removal is proposed under this section is entitled to—

(A) 30 days' advance written notice of the proposed action which identifies—

(i) specific instances of unacceptable performance by the employee on which the proposed action is based; and

(ii) the critical elements of the employee's position involved in each instance of unacceptable performance.

The Senate Committee Report that Ms. Wallace cites states:

The Committee added to section 4303(b), as proposed in the original bill, the requirement that the advance notice to the employee must specifically cite any failure by the employee during the past year which the agency may consider when making a decision on the proposed action. An agency may consider, for example, a previous proposal to remove that was not carried out because of short-term improvement in performance. Unless the particular failure to perform acceptably is cited in the advance notice, the agency may not rely upon it as a grounds for demoting or removing the employee.

S.Rep. No. 969, 95th Cong., 2d Sess. 43, *reprinted in* 1978 U.S.Code Cong. & Admin.News 2723, 2765.

This provision relates only to the notice of proposed removal, and bars an agency from basing its action upon material not cited in the notice. It did not bar the Air Force from introducing the evidence it submitted to the Board to justify its removal of Ms. Wallace.

## CONCLUSION

The decision of the Merit Systems Protection Board is

AFFIRMED.

SKELTON, Senior Judge, dissenting.

I respectfully dissent. The majority has committed serious legal error in holding that since the petitioner failed properly to raise the issue before the board that the performance standards on which she was evaluated and removed are vague, subjective, and nonspecific, and therefore her removal was invalid under 5 U.S.C. § 4302, it is not open to her on this appeal and "we do not consider it." Contrary to this holding, the record shows that petitioner raised

this issue (the § 4302 issue) at every stage of the administrative proceedings, altogether at least five times, as shown below.

(1) The petitioner raised this issue the first time early in the administrative proceedings when she filed with the deciding official a reply to the notice of proposal to remove her from her job, as follows:

I will now be specific about the elements of law and derivative regulations which I charge that the supervisor, Mr. Richard Ellis, has violated in this case:

Mr. Ellis, in his letter, Notice of Proposed Removal, 4 Feb 1983 (atch 2) charges in para 1 that Ms. Wallace failed to meet "the performance standards established for your position." The period of alleged failure to meet the standards is from 19 Feb 1982 through 4 Feb 1983. I charge that the standards established by Mr. Ellis for this position, and his application of them, violated the Act. The CSRA, PL 95–454, Oct 13, 1978, 92 Stat 1132, as coded in 5 USC 4302(b)(1), call for job criteria to be "objective," not punitive as Ms. Wallace's are.

This statement squarely raises the issue in the administrative proceedings, and its filing with the deciding official was all that was necessary. That was the effect of the decision of the board in *Callaway v. Department of the Army*, 23 M.S.P.R. 592 (1984). There the facts were practically identical to those in the instant case with regard to raising a 5 U.S.C. § 4302 issue before the board. In that case the agency removed an employee from her position as a secretary for unacceptable performance claiming that she had failed to satisfactorily perform two critical elements of her position containing performance standards that required courtesy and proper file maintenance. The employee appealed to the board and its AJ reversed the removal action, and the agency appealed. On appeal the agency contended that the AJ improperly expanded the issues and exceeded his authority by finding the performance standard requiring courtesy invalid *because the employee had not contended that the performance standard was invalid.* (Emphasis supplied) (That is the same

position the majority takes in the case before us.) The board rejected this argument and held.

In her response to the agency's notice of proposed removal, appellant contended that her performance standards did not conform to 5 U.S.C. Chapter 43 because they were not objective, fair, or reasonable. *See* Agency Exhibit 1, Tab 7. The presiding official, therefore, did not improperly expand the issues by considering whether appellant's performance standard requiring courtesy was valid.

*Callaway v. Department of the Army*, 23 M.S.P.R. at 596.

As can be seen by the holding of the board in that case, the employee raised the issue of the lack of objectivity of the standards of performance under 5 U.S.C. § 4302 in her response to the agency's notice of proposed removal (as was done in the case before us), and that was all that was necessary to raise the issue in the administrative proceedings. The majority erred by not making the same ruling in the instant case.

(2) The petitioner raised the Section 4302 issue again in response to an order of the board setting a prehearing conference and hearing in which petitioner was required to state the issues in the case. She described the issues as follows:

ISSUES

The issues in this case are:

Did the Agency comply with the requirements of law and regulations, specifically, 5 U.S.C. 4302, and AFR 40–452, and with case law and precedents, in their removal of Ms. Janet L. Wallace, from her position with the Air Force effective April 15, 1983, or was it a personal action based on some motivation of her supervisor Mr. Richard Ellis?

The majority seems to view this paragraph as a question instead of a statement of the issues. In doing so the majority errs. It will be noted that the statement was intended to describe the issues and was filed for that purpose by order of the board. Furthermore, the heading on the statement refers to its contents twice as issues (plural) with one of such references being in

capital letters. Actually, there are two issues contained in the statement, although they are contained in one sentence and in one paragraph. There is no doubt that the first issue referred "specifically" to 5 U.S. C. § 4302 and to AFR 40-452 (Air Force Regulation 40-452, Performance Appraisal Program). The second issue related to the motivation of petitioner's supervisor Richard Ellis. Even though petitioner's statement about the issues may be inartfully drawn, if the majority has any doubt about the interpretation of petitioner's issues, that doubt should be resolved in her favor since she did not have an attorney.

(3) The next time petitioner raised the Section 4302 issue was in a colloquy of petitioner's Union representative Mr. Cook with AJ Manrose during the first trial. This colloquy was, in pertinent part, as follows:

JUDGE MANROSE: It would help me to decide the case. How do you address the testimony of [persons] like Mr. Ellis and the secretary who was here today and apparently some other people?

\* \* \* \* \* \*

MR. COOK: Well, its the same now as it was all along.

\* \* \* \* \* \*

We also had said at the time that her typing—that there is—there isn't any—*there isn't any objective standard. The performance standard is not objective.* Where is there a number that we can identify against? Typographical errors are frequent. You know, what's frequent? It's a judgment call. They say it was frequent, she says it wasn't.

JUDGE MANROSE: Well what would you propose in a standard? How could that be worded to—

MR. COOK: Well, I think that number of errors on a page and some standards for typists do do this. But this one wasn't. See that's what our problem is. *That the standard is so subjective* that one person can say her errors were frequent and another person can say, well, they weren't any more frequent than anybody else's.

JUDGE MANROSE: All right.
(Emphasis supplied)

The § 4302 issue was clearly raised by petitioner's representative before the AJ during the trial, as shown by the above conversation between them. This was the reason they were discussing the objectivity and the subjectivity of the performance standards. At the first trial petitioner's removal from her job for poor typing was affirmed by the AJ, but this decision was reversed by the board. The decision at the second trial affirming her removal was for reasons other than typing. This does not detract from the importance of the above colloquy between the AJ and petitioner's representative, because all charges were before the AJ at the first trial and so were petitioner's § 4302 objections which applied to all charges. Furthermore, all proceedings of the first trial were introduced into the record at the second trial and became a part of that record. Accordingly, petitioner's raising of the § 4302 issue of subjective performance standards was in the case from beginning to end. None of the charges were ever dismissed, and petitioner's § 4302 objection to all of the charges was in the proceedings until the final decision of the board.

(4) Petitioner raised the Section 4302 issue again in her petition to the board to set aside the second decision of the AJ. In that petition she stated in pertinent part:

In addition to the above, the Agency has failed to meet the criteria required in 5 USC 4302 and 4303, specifically that:

a. Standards must, "to the maximum extent feasible, permit the accurate evaluation of job performance on the basis of *objective criteria....*" (underlines ours). [Ref: 5 USC 4302(b)(1).]

\* \* \* \* \* \*

In the instant case, none of these criteria have been met,....

Regarding the "Backlog of unfiled material" charge, and the statement that "the condition of assigned files was not acceptable," we challenge both compliance of the standard with applicable law, and the agency's lack of viable evidence

showing any violation of even this standard.

As Appellant pointed out, federal law at 5 USC 4302, Section (b)(1), requires "objective criteria" .... "to the maximum extent feasible" for performance standards. The standard requires "Backlog of unfiled material is minimal. Formal inspections reveal few minor and no major deficiencies."

What's "minimal" when filing is low priority on work assignments? Objective criteria could have been written for the filing element, but they were not.

\*　　\*　　\*　　\*　　\*　　\*

In fact, although he [Ellis] did disparage Appellant's work on the filing element, he characterized it as a "personal judgment".

\*　　\*　　\*　　\*　　\*　　\*

There is more, but let's evaluate that statement: Mr. Ellis admitted that the evaluation of the element was a "judgment." He insists that it was a multiple judgment. But no matter how many people made it, it was still subjective, and made on a subjective criterium.

The § 4302 issue was clearly raised at least four times in this petition for review filed with the board. This petition was filed with reference to a reversal of the second decision affirming petitioner's removal for "backlog of unfiled material" on which her removal was affirmed in the second trial.

(5) During the E.E.O.C. hearing of petitioner's old age discrimination charge, her representative raised the § 4302 issue before the examining attorney as follows:

It is also contained in Section 4302 of Title V, the fact that the employee has a right to an objective appraisal of his or her performance....

The record in the EEOC hearing was introduced into evidence in the trial of the instant case and it thereby became a part of its record. Actually, the AJ made reference to it.

In petitioner's petition in this court to review the final order of the board, she raised the § 4302 issue in the following pleading:

Petitioner prays that the Court set aside the MSPB's decision, as it is arbitrary, capricious, and an abuse of discretion, *and otherwise not in accordance with law, including 5 USC 4302, and appropriate regulations and precedents;* and that the MSPB's findings are unsupported by substantial evidence.

(Emphasis supplied)

The issue is squarely before us and we should decide it.

We held in *Fucik v. United States*, 228 Ct.Cl. 379, 655 F.2d 1089, 1095 Ct.Cl. (1981) that an administrative issue considered on appeal may be raised in a motion for reconsideration of the board's final decision. Obviously, such a motion is made at the very end of an administrative proceeding. All that is required is that the issue be raised below at some point in the administrative proceeding. As shown above, the § 4302 issue was raised repeatedly by petitioner at every stage of the proceedings before authorized officials, including the deciding official, as in *Callaway, supra,* before the AJ, before the hearing examiner in the EEOC proceeding, and before the board itself.

The majority has committed additional errors. For instance, it holds that the issue was not "properly" raised by petitioner. There is no particular form that is required to be used to raise an issue. All that is necessary is for the employee to call the issue to the attention of a participating official in the administrative proceeding who has decision-making authority so that he will be aware of the existence of the issue. The petitioner has complied with this requirement many times in this case.

The majority also errs in holding that the AJ had no opportunity to receive evidence on the issue or to decide it. After two trials, this is contrary to reality. The issue was in the administrative proceedings from the very beginning to the end. The AJ was well aware of it, as shown by his conversation with petitioner's representative in open court during the hearing. He had every opportunity to decide it and so did the full

board. As to receiving evidence on the issue, all of the evidence needed to decide it was and is in the record. If the AJ wanted more evidence, he had every opportunity to get it during two trials. He simply did not consider the issue, and neither did the board. Now, the majority is following the same course, and petitioner is being denied her rightful day in court.

This is a very important case for employees who are charged, or who may be charged, with unacceptable performance in their jobs. If the majority opinion is allowed to stand, it will deprive them of many of their rights and will impose legal burdens and hardships on them in adverse proceedings never intended by Congress when it enacted 5 U.S.C. § 4302. It will also cause confusion as to what is an issue and how, when and where it must be raised for it to be considered on appeal.

In view of the overwhelming evidence that the § 4302 issue was raised in the administrative proceedings by petitioner, the issue is before us and we should consider it and dispose of it as we did in *Wilson v. Department of Health and Human Servs*, 770 F.2d 1048 (Fed.Cir.1985). In that consolidated case, the board had affirmed the demotion of two employees for unacceptable work performance. The employees contended, as petitioner does here, that their performance standards were based on subjective criteria contrary to the statute and were invalid and that their demotions were therefore invalid. We held that the performance standards of employee Wilson of the Social Security Administration were contrary to the statutory mandate and her demotion was invalid and the decision of the board was reversed. On the other hand, we held that the performance standards of employee Jackson of the Environmental Protection Agency were objective in character and complied with the statute, and his demotion was affirmed. We carefully analyzed and interpreted the performance standards of both employees along with the provisions of the statute. The petitioner asks that we do the same in the instant case. In my opinion, she is entitled to such a decision, whether she wins or loses.

If the majority feels that under the circumstances here the board should first consider the issue, the case could of course be remanded to it for a decision. That was the procedure followed by the Court of Claims in *Gratehouse v. United States,* 206 Ct.Cl. 288, 512 F.2d 1104 (1975), *cert. denied,* 434 U.S. 955, 98 S.Ct. 480, 54 L.Ed.2d 313 (1977); and also by our court in *Fucik v. United States, supra*, where the plaintiff attempted to raise an issue below, "although somewhat inartfully."