16 F.3d 421
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Mark H. DEVER, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3539.
 United States Court of Appeals, Federal Circuit.
 Dec. 16, 1993.
 
 Before ARCHER, MICHEL and SCHALL, Circuit Judges.
 DECISION
 ARCHER, Circuit Judge.
 
 
 1
 Mark H. Dever petitions for review of a decision of the Merit Systems Protection Board (board) (Docket No. CH831E930446-I-1, July 2, 1993), which sustained the action of the Office of Personnel Management (OPM). The OPM dismissed as untimely Dever's request for reconsideration of its initial decision. We affirm.
 
 DISCUSSION
 
 2
 A request for reconsideration of an initial decision by OPM denying disability retirement must be received by OPM within 30 calendar days from the date of the original decision. 5 C.F.R. Sec. 831.109(e)(1). This time limit may be extended if the person filing the petition demonstrates that he was not notified of the time limit and was not otherwise aware of it, or that he was prevented from filing by circumstances beyond his control. 5 C.F.R. Sec. 831.109(e)(2).
 
 
 3
 The administrative judge (AJ) found Dever's request for reconsideration of OPM's initial decision untimely. The initial decision was dated February 19, 1993, and OPM received Dever's request for reconsideration on March 25, 1993, three days beyond the deadline for filing a request. Dever does not contest this. Dever also does not contend that he was not notified of the time limit for filing a request. The only question, therefore, is whether Dever showed that he was prevented from filing his request by circumstances beyond his control. Dever argued to the AJ that he submitted his request late because he wanted to confer with his doctor, which took a while. The AJ found that this was not an adequate reason for the delay because OPM specifically notified Dever that he should not delay in filing his request for reconsideration in order to obtain additional evidence to support the request.
 
 
 4
 We must affirm a decision by the board unless the decision is found to arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation; or unsupported by substantial evidence. See 5 U.S.C. Sec. 7703(c); Phillips v. United States Postal Serv., 695 F.2d 1389 (Fed.Cir.1982). Under our narrow standard of review we cannot say that the AJ erred, and we therefore affirm the board's decision.
 
 
 5
 On appeal, Dever asserts additional reasons for his untimely filing. Because Dever did not make these arguments to the board, we cannot consider them here for the first time. See Wallace v. Department of the Air Force, 879 F.2d 829, 832 (Fed.Cir.1989).