NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3255

ALVERN C. WEED,

Petitioner,

v.

SOCIAL SECURITY ADMINISTRATION,

Respondent.

Alvern C. Weed, of Kalispell, Montana, pro se.

Joseph E. Ashman, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3255

ALVERN C. WEED,

Petitioner,

v.

SOCIAL SECURITY ADMINISTRATION,

Respondent.

Petition for review of the Merit Systems Protection Board in DE3443050248-C-1.

_____

DECIDED:  February 19, 2010

_____

Before MICHEL, <u>Chief Judge</u>, BRYSON, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Alvern C. Weed challenges the decision of the Merit Systems Protection Board dismissing his appeal.  We <u>affirm</u>.

## BACKGROUND

In January 2005, the Social Security Administration ("SSA") posted a vacancy announcement for two claims representative positions in its Kalispell, Montana, field office.  Mr. Weed, who is a 10-point preference eligible veteran, responded to the

posting and submitted an application. Soon thereafter, the SSA used the Outstanding Scholar Program, instead of a competitive examination process, to fill the two positions. Mr. Weed appealed, asserting that the SSA had violated his veteran's preference rights by failing to use the competitive examination process in making the selections.

The administrative judge assigned to the case ruled that the SSA's actions violated Mr. Weed's veteran's preference rights and ordered the SSA to reconstruct the hiring process in a manner consistent with legal requirements. Both parties appealed to the full Board. While that appeal was pending, the SSA notified the Board that it had reconstructed the hiring process and that Mr. Weed would not have been considered for either position even if the agency had used the competitive examination process. In reconstructing the hiring process, however, the SSA merely identified two individuals from a certified list of eligible candidates who allegedly would have been selected for the positions. The agency did not actually contact either of those individuals to determine whether they would have accepted the positions. Mr. Weed then filed a petition for enforcement challenging the sufficiency of the SSA's reconstruction process.

On October 30, 2007, the full Board agreed with Mr. Weed that the SSA's decision to hire outside of the competitive examination process violated Mr. Weed's rights. The Board then forwarded Mr. Weed's enforcement petition to the administrative judge for further proceedings.

The administrative judge examined the SSA's reconstructed process and concluded that the SSA's actions were not in compliance with the Board's orders because the SSA did not conduct a bona fide reconstruction but merely conducted a "hypothetical" process. The full Board agreed, and on February 12, 2009, it entered an

order setting forth the procedures that had to be followed in order for the SSA to conduct a lawful reconstruction. First, the Board ruled that the SSA had to remove the person who had been appointed through the Outstanding Scholar Program and was still occupying one of the two positions.[1] Second, the Board stated that the SSA must determine if the two individuals that the SSA had designated for selection as a result of the reconstruction would have accepted the position if the agency had offered it to them in 2005.

On March 10, 2009, the SSA informed the Board that it had reassigned the improperly appointed individual and had contacted the two individuals who had been chosen from the certificate of eligibility following the reconstruction. The SSA represented that both of the selected individuals had stated that they would have accepted the position if it had been offered to them in 2005. Therefore, the SSA concluded, Mr. Weed would not have been selected for either position.

Mr. Weed then filed a second petition for enforcement challenging the sufficiency of the SSA's reconstruction process. On June 11, 2009, the Board ruled that the SSA was in compliance with the Board's reconstruction order and dismissed Mr. Weed's petition.

DISCUSSION

Mr. Weed asserts that the Board's decision was not in accordance with law because the SSA's reconstruction of the competitive process did not conform to the requirements of 5 U.S.C. § 3317(a). The competitive examination process requires the

---

[1] The other employee who had been appointed through the Outstanding Scholar Program had previously resigned.

agency to prepare a certified list of eligible candidates. The preference points available to an eligible veteran such as Mr. Weed improve the veteran's position on certified lists. For each position an agency wishes to fill, it must choose from among the top three candidates on the list. 5 U.S.C. § 3317(a). In this case, because there were two positions to fill, the SSA was required to import a fourth candidate from the list after the first position was filled so that three candidates would be considered for the second position. Mr. Weed was fifth on the list, even after being credited with his 10-point veteran's preference. Therefore, he would not have been considered for either position unless one of the first four candidates was removed from the list.

Mr. Weed contends that the SSA's reconstruction effort was flawed because the agency failed to follow the procedures set forth in the SSA's Manager's Hiring Guide ("the Hiring Guide") and the Office of Personnel Management's Delegated Examining Operations Handbook ("the OPM Handbook"). Mr. Weed asserts that the Hiring Guide and the OPM Handbook require agency officials to contact every individual on the certificate of eligibles and to verify that each remains interested in the position before making appointments. Had the agency contacted every candidate, he contends, it would have learned that Mr. Powell, a candidate who was placed above Mr. Weed on the certificate of eligibles, was no longer interested in the position. Thus, Mr. Powell would have been removed from the list and Mr. Weed would have taken his place among the three considered for the second position. Therefore, according to Mr. Weed, the SSA violated his right to consideration under the "Rule of Three," and the Board's decision was erroneous. We disagree.

As an initial matter, we note that Mr. Weed did not clearly present this argument to the Board below, and therefore the issue is not properly before us. See Wallace v. Dep't of the Air Force 879 F.2d 829, 832 (Fed. Cir. 1989) ("[T]he issue must be raised with sufficient specificity and clarity that the tribunal is aware that it must decide the issue . . . .").

Even assuming Mr. Weed preserved the issue for appeal, it does not provide a basis for granting him relief. His argument relies on the faulty premise that the Hiring Guide and the OPM Handbook require the agency to contact every candidate on the list before making a selection. In fact, however, the Hiring Guide and the OPM Handbook do not by their terms require that procedure. The OPM Handbook contains an example showing that the top three candidates considered for selection may include an applicant who was not contacted, thus demonstrating that contacting every candidate before selection is not mandatory. Moreover, a Human Resources specialist for the SSA testified that the SSA is "not required to call every person that's on the certificate or interview everybody that's on the certificate," and that, in his experience, the SSA never calls every applicant to verify interest in the position. In addition, an agency official who was involved in the reconstruction testified that the SSA manual instructs selecting officials to "first contact the individuals they intend to interview," and not that officials must contact every individual on the list. The portion of the SSA Hiring Guide on which Mr. Weed relies merely speaks to the manner in which managers are to contact candidates—i.e., either by telephone or in writing. It does not suggest that managers must contact every person on the list before making a selection.

Mr. Weed next asserts that the SSA's notice of compliance was incomplete because it failed to state that he "would not have advanced under the rule of three." As noted above, however, the SSA's notice established that Mr. Weed would not have been considered under the competitive examination process. Mr. Weed also contends that because the same two individuals were selected under both reconstructions, the second reconstruction could not have been the result of a "fair and lawful consideration of the pool of candidates." However, the record shows that the SSA submitted evidence setting forth specific reasons for choosing those individuals. Accordingly, substantial evidence supports the Board's finding that the reconstruction was proper.

Mr. Weed argues that the Board improperly denied him a hearing with respect to the validity of the second reconstruction. That proceeding, however, was on a petition for enforcement of a Board order, and the Board has held that there is "no right to a hearing regarding a petition for enforcement." King v. Dep't of the Navy, 98 M.S.P.R. 547, 552 (2005). Mr. Weed cites no statutory, regulatory, or case law authority to the contrary.

Finally, Mr. Weed claims that the denial of a hearing deprived him of the opportunity to challenge hearsay evidence and thus denied him due process of law. He asserts that the Board may consider hearsay evidence only if the evidence is presented at a hearing. We disagree. "It has long been settled . . . that hearsay evidence may be used in Board proceedings and may be accepted as preponderant evidence even without corroboration if, to a reasonable mind, the circumstances are such as to lend it credence." Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1364 (Fed. Cir. 1998). Whether or not hearsay should be admitted falls "within the sound discretion of

the Board and its [administrative judges]." <u>Id.</u> There is no rule or principle that limits the Board's discretion to consider hearsay evidence to cases involving a hearing. The cases Mr. Weed cites do not suggest otherwise. For example, in <u>Brown v. United States Postal Service</u>, 110 M.S.P.R. 381 (2009), the Board noted that hearsay evidence was admissible and also ruled that a decision without a hearing was appropriate. Thus, the Board may exercise its discretion to admit hearsay evidence independent of whether or not the evidence was presented at a hearing.

For the foregoing reasons, we uphold the Board's decision denying the petition for enforcement.