# United States Court of Appeals for the Federal Circuit

---

**TIFFANY POTTER,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2019-1541

---

Petition for review of the Merit Systems Protection Board in No. DE-1221-18-0165-W-1.

---

Decided:  February 13, 2020

---

A. MARQUES PITRE, Pitre & Associates, LLC, Washington, DC, argued for petitioner.

AMANDA TANTUM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent.  Also represented by JOSEPH H. HUNT, CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR.

---

Before PROST, *Chief Judge*, MOORE and HUGHES, *Circuit Judges.*

PROST, *Chief Judge*.

Tiffany Potter petitions for review of a decision by the Merit Systems Protection Board ("MSPB" or "Board") denying corrective action in her claim filed under the Whistleblower Protection Act. For the reasons explained below, we affirm in part, vacate in part, and remand.

I

In 2014, the Phoenix VA Health Care System ("Phoenix DVA" or "agency") where Ms. Potter worked was in the midst of a patient care crisis that had resulted in an investigation by the Department of Veterans Affairs Office of Inspector General ("OIG"). Beginning around that same time, Ms. Potter alleges she engaged in five whistleblowing activities at the Phoenix DVA by making four protected disclosures and by cooperating with OIG.

Ms. Potter made her first alleged disclosure in May 2014, when she sent an email to her supervisor, Dr. Robbi Venditti, regarding significant cancellations and delays in appointments for urology patients. *See* J.A. 237. Ms. Potter's second alleged disclosure was on July 10, 2014, when she sent an email to agency personnel regarding psychotherapy patients who, despite urgent need, were not being treated or referred to a private community partner. *See* J.A. 238. Later that same day, Ms. Potter forwarded her July 10 email to Dr. Venditti and copied, among others, the Phoenix DVA Chief of Staff Dr. Darren Deering. Dr. Deering replied that evening. J.A. 238–42.

On August 8, 2014, Ms. Potter made her third alleged disclosure when she emailed OIG employee Katrina Young, reporting concerns related to medical providers not receiving important information. J.A. 249–52; *see also* J.A. 243–48. A couple of weeks later, on August 20, 2014, Ms. Young sent an email to Ms. Potter requesting that Ms. Potter call her. J.A. 253. Ms. Potter states that this email was related

to a fourth whistleblowing activity, namely, cooperation with OIG.

In December 2016, Ms. Potter made her fifth and final alleged whistleblowing disclosure by filing a complaint with OIG. Ms. Potter's complaint is not available in the record, but an email acknowledging OIG's receipt of the complaint confirms that it was filed. *See* J.A. 257–58.

Ms. Potter also alleges that her whistleblowing activity contributed to four reprisals by the Phoenix DVA.

Throughout most of the period that Ms. Potter engaged in the alleged whistleblowing activities just described, Ms. Potter was employed as a Nurse III working in the Purchased Care department with the title "Nurse Manager." *See* J.A. 302. Then in December 2014, during reorganization of the Phoenix DVA, Ms. Potter's title was changed to "Chief Nurse Manager." J.A. 303. In March 2015, however, Ms. Potter's title was changed back to "Nurse Manager." *See* J.A. 304. Ms. Potter alleges that the change in title from "Chief Nurse Manager" to "Nurse Manager" amounts to a demotion and the agency's first reprisal. The Phoenix DVA, in contrast, states that the title changes were the consequences of unrelated organizational changes occurring within the agency

Ms. Potter alleges that the agency's second reprisal occurred in November 2015 when Dr. Deering withdrew a posted vacancy for a Chief Nurse IV position titled "Registered Nurse, Chief Nurse Administrative Medicine Service." Though Ms. Potter had applied for the position, the Phoenix DVA failed to fill the vacancy.

According to Ms. Potter, the agency's third alleged reprisal then occurred in January 2017 when the medical center director, RimaAnn Nelson, signed a detail notice, detailing Ms. Potter to "unclassified duties." J.A. 260–62. Ms. Nelson testified that most of those duties were being

reassigned from another employee that did not have the expertise to complete them, whereas Ms. Potter did.

Finally, Ms. Potter alleges that in early 2017, conditions at the Phoenix DVA forced her "involuntary resignation," constituting the agency's fourth and final reprisal. Ms. Potter testified that she began looking for transfer opportunities "at the end of 2016," J.A. 118, and in March 2017, she informed Ms. Nelson that she was accepting an offer for a Staff Nurse position at the VA Northern California Health Care System beginning in April 2017, *see* J.A. 315, 318.

Following her transfer, Ms. Potter filed a whistleblower reprisal complaint at the Office of Special Counsel. That complaint ultimately resulted in an individual right of action appeal to the MSPB.

## II

During the proceedings before the MSPB, the administrative judge determined that the Board had jurisdiction over five nonfrivolous allegations of protected disclosures, complaints, or activity by Ms. Potter: (1) the May 2014 email; (2) the July 10, 2014 email; (3) the August 8, 2014 email; (4) the August 20, 2014 cooperation with OIG; and (5) the December 2016 complaint.[1]

---

[1]  To the extent that, on appeal, Ms. Potter alleges she made additional whistleblowing disclosures that the administrative judge failed to consider, we conclude that such disclosures are not properly before us. Even if Ms. Potter could identify an error in the administrative judge's jurisdictional order limiting jurisdiction to five allegations of whistleblowing activity, the record shows that before the Board—despite having the opportunity to do so—Ms. Potter failed to challenge the jurisdictional determination on the basis of her having allegedly made additional whistleblowing disclosures. *See* J.A. 390, 397–99. It is therefore

The administrative judge also determined that the Board had jurisdiction over four alleged reprisals by the Phoenix DVA: (1) the March 2015 title change from Chief Nurse to Nurse Manager; (2) the November 2015 failure to hire a Chief Nurse IV; (3) the January 2017 unclassified duties detail; and (4) the March 2017 "involuntary resignation."

Following a hearing on the merits, the administrative judge concluded that Ms. Potter had established that four of the five alleged whistleblowing disclosures and activities, i.e., all disclosures except the August 20, 2014 cooperation with OIG, constituted "protected" disclosures within 5 U.S.C. § 2302(b)(8) and § 2302(b)(9). *Potter v. Dep't of Veterans Affairs*, No. DE-1221-18-0165-W-1, slip op. at 6–11 (M.S.B.P. Dec. 13, 2018) ("*Decision*"). The administrative judge then determined that according to the knowledge-timing test of 5 U.S.C. § 1221(e)(1), Ms. Potter had only met her burden of showing that these protected disclosures contributed to the first alleged reprisal, i.e., the March 2015 title change. *Id*. at 10–27. In other words, the administrative judge found that Ms. Potter had shown only one prima facie case of whistleblower reprisal. The administrative judge ultimately denied corrective action for this prima facie case because the government met its burden to show that the Phoenix DVA would have taken the same action even if Ms. Potter had not made the protected disclosures. *Id*. at 27–32.

---

not proper for this court to review that jurisdictional order in the first instance on appeal. *See, e.g., Wallace v. Dep't of the Air Force*, 879 F.2d 829, 832 (Fed. Cir. 1989) ("[O]bjections to the proceedings of an administrative agency [must] be made while it has an opportunity for correction in order to raise issues reviewable by the courts.").

The administrative judge's initial decision became the final decision of the Board. Ms. Potter now petitions for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## III

On review to this court, a final decision of the Board will be set aside only if the decision is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

## A

Ms. Potter first challenges the administrative judge's conclusion that she did not establish a prima facie case of whistleblower reprisal with respect to the agency's November 2015 failure to hire a Chief Nurse IV. On appeal, the parties agree that the administrative judge's fact finding related to this alleged reprisal is not supported by substantial evidence. More particularly, the parties agree that the administrative judge incorrectly found that Dr. Deering did not have knowledge of Ms. Potter's second protected disclosure, i.e., her July 10, 2014 email. *See Decision*, at 15–16; *see* Petitioner's Br. 20; Respondent's Br. 38–39. The administrative judge relied on this erroneous fact finding in determining that Ms. Potter had not satisfied the knowledge-timing test under 5 U.S.C. § 1221(e)(1) for the November 2015 failure to hire. *See Decision*, at 15–16. Therefore, the administrative judge concluded that Ms. Potter had failed to establish a prima facie case of whistleblowing reprisal for the November 2015 failure to hire. *Id.* at 14–22.

Because we agree with the parties that the record clearly shows that Dr. Deering not only had knowledge of Ms. Potter's email, but also that he responded to it, J.A. 238–42; *see also Decision*, at 8, we determine that the administrative judge's fact finding is not supported by

substantial evidence. We therefore vacate the administrative judge's determination that Ms. Potter did not make a prima facie case that her whistleblowing was a contributing factor to the agency's November 2015 nonselection of her for Chief Nurse IV and remand to the Board.

On remand, the Board should consider whether, in view of Dr. Deering's knowledge of Ms. Potter's July 10, 2014 email, Ms. Potter presented evidence sufficient to satisfy the knowledge-timing test, or if Ms. Potter otherwise presented evidence sufficient to demonstrate a prima facie case of whistleblower reprisal. *See* 5 U.S.C. § 1221(e)(1). If the Board finds such a prima facie case, then the Board should additionally consider whether the government can meet its burden of showing that it would have taken the same November 2015 personnel action regardless of Ms. Potter's protected disclosure. *See* 5 U.S.C. § 1221(e)(1); *see also Carr v. Soc. Sec. Admin.*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).

Despite agreeing that the administrative judge erred in analyzing Dr. Deering's knowledge of the July 10, 2014 email, the government argues that remand is not required. The government concedes that when the record is properly considered, Ms. Potter has "likely" established a prima facie case. Respondent's Br. 38–39. The government then urges us to find in the first instance, that even if Ms. Potter has established a prima facie case, the agency would have nevertheless taken the November 2015 personnel action regardless of Ms. Potter's protected disclosure. *Id.* 37–42. We decline to engage in such fact finding on appeal.

The government argues that our decision in *McCarthy v. Merit Systems Protection Board*, 809 F.3d 1365 (Fed. Cir. 2016), permits us to rely on the administrative judge's fact finding to resolve this appeal. *See* Respondent's Br. 40. More particularly, the government quotes *McCarthy*'s statement that this court may "affirm the agency on grounds other than those relied upon in rendering its

decision, when upholding the agency's decision does not depend upon making a determination of fact not previously made by the agency." *McCarthy*, 809 F.3d at 1373 (quoting *In re Comiskey*, 554 F.3d 967, 974 (Fed. Cir. 2009)).

Contrary to the government's suggestion, *McCarthy* does not endorse appellate fact finding in this case. In *McCarthy* we considered whether the MSPB correctly denied a motion to reopen. *McCarthy*, 809 F.3d at 1373. Though the Board had not explained its bases for denying the motion, on appeal, we concluded that we were able to identify sufficient legal bases, which did not require additional fact finding, to affirm the Board's denial. *Id.* at 1373–75. Critically, therefore, the central question in *McCarthy* was a question of law that was based on undisputed facts. This case in contrast, as the government agrees, involves a question of fact that the administrative judge never considered—namely, whether the agency would have taken the same November 2015 personnel action absent the second protected disclosure. *See* Oral Arg. at 17:41–59, No. 19-1541, http://www.cafc.uscourts.gov/oral-argument-recordings?title=potter&field_case_number_value=19-1541&field_date_value2%5Bvalue%5D%5Bdate%5D=; *see also id.* at 18:00–37.

Moreover, we do not agree with the government that the administrative judge's fact finding related to whether Ms. Potter established a prima facie case was sufficient to resolve the present question. The administrative judge's fact finding considered whether, by a preponderance of the evidence, Ms. Potter had shown that her protected disclosure contributed to the agency's alleged reprisal. It does not resolve the separate question of whether, by clear and convincing evidence, the agency established that it would have taken the November 2015 personnel action regardless of Ms. Potter's second protected disclosure. Accordingly, unlike in *McCarthy*, we may not resolve the outstanding question with respect to the November 2015 failure to hire.

## B

Ms. Potter also challenges the administrative judge's determination that she is not entitled to corrective action with respect to the first alleged reprisal (the March 2015 title change), despite having established a prima facie case, because the agency met its burden of proving that it would have taken the same personnel action regardless of Ms. Potter's protected disclosures. And Ms. Potter separately challenges the administrative judge's determination that she failed to establish a prima facie case of whistleblower reprisal with respect to the third and fourth alleged reprisals (respectively, the January 2017 unclassified duties detail and the March 2017 "involuntary resignation").

We conclude that the administrative judge's decision as to these three reprisals is in accordance with the law and is supported by substantial evidence. We have considered Ms. Potter's other arguments but find them unpersuasive. Therefore, with respect to the first, third, and fourth alleged reprisals, we affirm the administrative judge's decision.

## CONCLUSION

In sum, we vacate only the portion of the Board's decision related to the November 2015 failure to hire and remand for further proceedings consistent with this opinion. We affirm in part, vacate in part, and remand.

## AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED

## COSTS

The parties shall bear their own costs.