NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3046

HAROLD H. MISTELSKE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Harold H. Mistelske, of Saint Paul, Minnesota, pro se.

Calvin M. Morrow, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC,  for respondent.  With him on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Appealed from:   Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3046

HAROLD H. MISTELSKE,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in CH0752070285-I-1.

_____

DECIDED:    March 10, 2008

_____

Before MICHEL, <u>Chief Judge</u>, SCHALL and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Petitioner Harold H. Mistelske ("Mistelske") petitions for review of a decision of the Merit Systems Protection Board ("Board") dismissing his untimely appeal for failure to establish good cause for the delay, and denying his request to reopen the appeal. We <u>affirm</u>.

BACKGROUND

Mistelske was employed by the Department of Veterans Affairs ("VA") as a cook with the Veterans Canteen Service in Minneapolis, Minnesota. On December 22, 2006, the VA issued a notice of proposed removal based on a charge of misconduct. On January 19, 2007, the VA notified Mistelske of its decision to remove him from employment effective February 2, 2007. Mistelske designated union representative Bryce Davis ("Davis") as his representative, and filed a timely petition for appeal of the

VA's removal decision with the Board on February 27, 2007. The Board issued an acknowledgement order on March 2, 2007, which informed Mistelske that the Board might not have jurisdiction over his appeal. The Board noted that canteen workers employed under 38 U.S.C. § 7802(e) do not meet the definition of "employee" under 5 U.S.C. § 7511 and generally do not have appeal rights to the Board. The Board ordered Mistelske to file, within fifteen days, evidence and argument proving that his appeal was within the Board's jurisdiction. Davis did not file any such evidence or argument, and on March 16, 2007, he withdrew Mistelske's appeal. On the same day, the administrative judge issued an initial decision dismissing the appeal because "[t]he appellant's withdrawal of this appeal is an act of finality and has the effect of removing the appeal from the Board's jurisdiction." App. to Resp't's Br. at 7. The decision stated that it would "become final on April 20, 2007, unless a petition for review [by the full Board] is filed by that date." Id. at 8 (emphasis in original). No such petition was filed before the April 20, 2007, deadline.

On April 27, 2007, acting on the advice of an attorney at a walk-in legal clinic, Mistelske electronically filed a document entitled "Reopening an Appeal Dismissed Without Prejudice." By a letter dated May 2, 2007, the Board acknowledged receipt of this filing and informed Mistelske that the initial decision dismissing his appeal as withdrawn had become final on April 20, 2007. The letter further stated, "[I]f you desire to file a Petition for Review, I have enclosed a copy of your Initial Decision with instructions for filing your supporting evidence and argument to the Clerk of the Board." App. to Petr's Br. at 1-2. On May 22, 2007, Mistelske filed a petition for review of the initial decision and a motion to accept his late-filed petition. The motion was

accompanied by a sworn statement in which Mistelske stated that he had not received a letter notifying him that his appeal had been withdrawn until "near the 'finality' date" of April 20, 2007, Mistelske v. Department of Veterans Affairs, 106 M.S.P.R. 554, 557 (2007), that he did not know he could file a petition for review on his own, and that by the time he had found a volunteer legal service to assist him the deadline for filing had passed. Mistelske further stated that he had unsuccessfully tried to file the petition for review electronically.

The Board found it appropriate to treat Mistelske's "[petition for review] of an appellant-initiated dismissal of a[n appeal] as a late-filed [appeal of the agency action] or as a request to reopen and reinstate the prior appeal." Id. Considered as an appeal of the agency action, that appeal would have been due on March 5, 2007, and Mistelske's filing was approximately two and a half months late. The Board therefore analyzed whether Mistelske had established good cause for the delay to justify waiving the time limit for filing under 5 C.F.R. §§ 1201.12 and 1201.22(c). It considered four factors relevant to this inquiry: (1) the length of the delay; (2) the reasonableness of the appellant's excuse and his showing of due diligence; (3) whether the appellant is proceeding pro se; and (4) whether appellant has presented evidence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that prevented him from timely filing his petition. The Board found that Mistelske had not demonstrated good cause for the delay. The Board determined that the two and half month delay was not minimal, that Mistelske was responsible for his representative's actions in withdrawing the appeal, that Mistelske had not demonstrated that he did not receive timely notice of the dismissal of

his appeal, and that he had failed to explain adequately in the statement supporting his motion why he had not requested an extension of the time to file an appeal. Although the Board acknowledged Mistelske's pro se status, it found this factor insufficient to outweigh the others and establish good cause for delay.

The Board then considered whether Mistelske had satisfied the threshold requirement of exercising due diligence for purposes of reopening his appeal under 5 U.S.C. § 7701(e)(1)(B). The Board determined that he had not.

The Board therefore dismissed Mistelske's petition as an untimely appeal, and denied the request to reopen the prior appeal. It did not address whether the Board would have had jurisdiction over the appeal if it had been timely filed. Mistelske timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

DISCUSSION

Our review of Board decisions is limited to setting aside agency actions, findings, or conclusions that are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). As we have explained, the issue of "whether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc).

The Board, in keeping with its precedent, did not focus on the timeliness of Mistelske's petition for review to the full Board. Instead, it treated Mistelske's filing as a

late-filed appeal of the agency action or a request to reopen the prior appeal of the agency action, and analyzed whether Mistelske had established either good cause for the late filing or that he had exercised due diligence in seeking to reopen the appeal. See Zamot v. Merit Sys. Protection Bd., 332 F.3d 1374, 1377 (Fed. Cir. 2003); 5 C.F.R. §§ 1201.12, 1201.22(c) (2007). The Board concluded that he had not satisfied these standards. Mistelske argues on appeal that the Board should have found good cause or diligence for reopening based on his representative's withdrawal of the initial petition for appeal without his consent, his failure to receive notice of that withdrawal within a reasonable time, the emotional strain and illness he was suffering at the time, his pro se status, and his attempt to electronically file his appeal in April 2007.

The Board correctly found that Mistelske "ha[d] not shown that the time limit should be waived on the basis that Davis's withdrawal of the appeal was invalid." Mistelske, 106 M.S.P.R. at 557. We have explained that "a person is bound by the consequences of his representative's conduct, which includes both his acts and omissions." Rowe v. Merit Sys. Protection Bd., 802 F.2d 434, 437 (Fed. Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962)). Mistelske's allegations that Davis withdrew the initially filed appeal without his consent are therefore insufficient to establish good cause. Additionally, the Board was permitted to presume that Mistelske was notified of the withdrawal within a reasonable time, because Mistelske did not assert that he had not received the copy of the initial decision that was mailed to him.

Mistelske's allegations of emotional strain and illness, offered as proof of circumstances beyond his control that prevented him from timely filing his appeal, were

not presented to the Board and may not be raised for the first time on appeal to this court.  See Synan v. Merit Sys. Protection Bd., 765 F.2d 1099, 1101 (Fed. Cir. 1985).

Finally, although the Board did not explicitly address the April 27, 2007, electronic filing, either in the context of the good cause factors or the threshold due diligence requirement for reopening, we do not think that this failure justifies setting aside the Board's decision.  As the Board's May 2, 2007, letter makes clear, Mistelske submitted an incorrect pleading on April 27, 2007, and we cannot say that the Board's refusal to excuse the late filing on this basis was arbitrary and capricious or an abuse of discretion.

## CONCLUSION

For the reasons set forth above, the decision of the Board is affirmed.

## COSTS

No costs.