NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**YONG I. FENLON,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE NAVY,**
*Respondent.*

---

2014-3088

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-11-0459-I-4.

---

Decided: November 7, 2014

---

YONG I. FENLON, of Carlsbad, California, pro se.

MARTIN M. TOMLINSON, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and CLAUDIA BURKE, Assistant Director.

---

Before LOURIE, MOORE, and CHEN, *Circuit Judges.*

PER CURIAM.

Ms. Yong I. Fenlon appeals from the decision of the Merit Systems Protection Board (MSPB) dismissing her claim pursuant to a settlement agreement that resolved the dispute regarding Ms. Fenlon's removal from her position in the Department of the Navy (Navy). We *affirm*.

## BACKGROUND

Ms. Fenlon was removed from her position as a financial management analyst with the United States Marine Corps Installation West Budget Office, a component of the Navy, for a series of unexcused absences. Ms. Fenlon filed an appeal with the MSPB challenging her removal. The parties reached a settlement, pursuant to which the appeal would be withdrawn. The settlement agreement, signed by Ms. Fenlon, provided that it was "in full and final settlement of any and all claims arising from and related to [Ms. Fenlon's] federal employment with the [Navy] prior to the date of this Agreement." Respondent's Appendix (R.A.) 54. The agreement also provided that Ms. Fenlon would voluntarily resign from her position one day after the execution of the agreement.

The Office of Personnel Management (OPM) was not a party to the settlement agreement. While several provisions of the agreement contemplated the possibility of Ms. Fenlon seeking disability benefits through OPM, the agreement stated that "[Ms. Fenlon] acknowledge[d] that the [Navy] makes no representation about [Ms. Fenlon's] eligibility for disability retirement. Sole authority to grant or deny disability retirement benefits lies with OPM." R.A. 57. The agreement further stated that "[i]n the event [Ms. Fenlon] applies to OPM for disability retirement benefits, [Ms. Fenlon] acknowledges

that this agreement shall remain binding and enforceable between the two undersigned parties regardless of whether OPM awards or denies [Ms. Fenlon] disability retirement benefits." R.A. 57.

Ms. Fenlon and the Navy jointly agreed to provide the settlement agreement to the MSPB and make it part of the record of enforcement before the MSPB. In its initial decision, the Administrative Judge (AJ) found that the settlement agreement was lawful, that the parties indicated that they understood its terms, and that the agreement was freely reached. Accordingly, the AJ dismissed Ms. Fenlon's appeal.

Ms. Fenlon petitioned the MSPB for review of the AJ's initial decision, alleging confusion regarding OPM disability retirement benefits. Ms. Fenlon contended that she was entitled to receive disability retirement benefits from OPM. She claimed that "[c]urrently, [the Navy] can't provide me [with an] OPM acceptance copy of the settlement." R.A. 62. She subsequently filed another pleading before the MSPB detailing her medical issues and explaining that she needed to "make sure [her] OPM disability benefits are covered." R.A. 64.

The MSPB denied Ms. Fenlon's petition for review and affirmed the initial decision, holding that her allegations solely concerned actions taken or not taken by the OPM, an agency that was not involved in the settlement negotiations and was not a party to the settlement agreement. It explained that "OPM is not a party to the settlement agreement at issue in this petition for review, and a settlement agreement simply cannot impose obligations on such a third party without that party's assent." R.A. 4. The MSPB explained that "[i]mportantly . . . [Ms. Fenlon] does not allege that the agency has somehow breached the parties' settlement agreement." R.A. 3. As a result, the MSPB concluded that Ms. Fenlon had not alleged a valid basis for granting

the petition for review, and the AJ's initial decision became the MSPB's final decision. Ms. Fenlon appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review of the MSPB's decisions is narrowly defined and limited by statute. We must affirm the MSPB decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2012).

We hold that the MSPB properly dismissed Ms. Fenlon's appeal based on the settlement agreement. The settlement agreement resolved the dispute between the parties and did not entitle Ms. Fenlon to disability retirement benefits from OPM. OPM was not a party to the agreement, and a settlement agreement cannot impose obligations on a third party without that party's assent. *See, e.g.*, *Parker v. Office of Pers. Mgmt.*, 93 M.S.P.R. 529 (2003), *aff'd*, 91 F. App'x 660 (Fed. Cir. 2004). In any event, the question of Ms. Fenlon's entitlement to disability retirement benefits from OPM is now moot: OPM approved Ms. Fenlon's disability retirement benefits request in September 2013.

For the first time on appeal before our court, Ms. Fenlon argues that we should vacate the settlement agreement because the Navy failed to provide her with reasonable accommodations as required by the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., for disabled employees prior to her removal from her position at the Navy. Ms. Fenlon did not raise this argument below and we cannot consider it for the first time on appeal. *See Mistelske v. Merit Sys. Protection Bd.*, 314 F. App'x 272, 275 (Fed. Cir. 2008) (citing *Syan v. Merit Sys. Protection Bd.*, 765 F.2d 1099, 1101 (Fed. Cir. 1985)).

CONCLUSION

For the foregoing reasons, we *affirm*.

**AFFIRMED**

COSTS

No costs.