NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ELIZABETH J. MARTIN,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2025-1944

---

Petition for review of the Merit Systems Protection Board in No. CH-1221-14-0116-C-1.

---

Decided: April 14, 2026

---

ELIZABETH J. MARTIN, St. Louis, MO, pro se.

VIJAYA SURAMPUDI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by ALBERT S. IAROSSI, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before CHEN, HUGHES, and STOLL, *Circuit Judges*.

PER CURIAM.

Elizabeth J. Martin petitions for review of a Merit Systems Protection Board order finding the Department of Veterans Affairs in compliance with a settlement agreement and thus denying her petition for enforcement. For the reasons below, we affirm.

I

Ms. Martin was previously employed by the Department of Veterans Affairs. In 2014, Ms. Martin filed an individual right of action (IRA) appeal with the Board, alleging that the agency took several adverse personnel actions against her in retaliation for protected whistleblowing disclosures. In May 2015, Ms. Martin and the agency entered a settlement agreement. In exchange for dismissing the IRA appeal and waiving future claims predicated on the same facts, the agency agreed to remove the following from Ms. Martin's Official Personnel File (OPF):

    i.   The proposed reprimand dated October 24, 2011, and the formal grievance decision upholding the reprimand dated February 2, 2012.

    ii.  The proposed suspension dated May 17, 2013, and the decision on proposed suspension dated June 18, 2013.

    iii. The proposed removal dated February 27, 2014, and the reprimand dated May 8, 2014.

S.A. 21–22 at ¶ 2(a).[1] The settlement agreement was entered into the record, and the underlying IRA appeal dismissed. Ms. Martin never confirmed that the agreed-upon items were removed from her OPF.

---

[1]    S.A. refers to the supplemental appendix filed with the government's informal brief. ECF No. 18-2.

Nearly nine years later, on April 9, 2024, Ms. Martin filed a petition for enforcement with the Board, asserting that the agency breached the settlement agreement by failing to expunge her OPF as agreed in paragraph 2(a) and by providing her un-expunged OPF to a third-party attorney. Specifically, she stated that on October 11, 2023, she was deposed in an unrelated civil litigation by the opposing party's private attorney (Deposing Counsel). Ms. Martin provided evidence that prior to that deposition, she signed a release allowing Deposing Counsel to access her agency personnel records. Then, during the deposition, Deposing Counsel questioned Ms. Martin about her work history, including the specific disciplinary actions listed in paragraph 2(a) of the settlement agreement. Ms. Martin argued to the Board that such questions were evidence that the agency breached its agreement to remove those disciplinary actions from her OPF. The agency disagreed, submitting evidence that the documents encompassed by paragraph 2(a) were removed from Ms. Martin's OPF in June 2015 and arguing that Ms. Martin failed to show that Deposing Counsel obtained the disciplinary information from the agency.

On April 21, 2025, the Board issued an Initial Decision finding the agency in compliance with paragraph 2(a) of the settlement agreement and denying Ms. Martin's petition for enforcement. *See Martin v. Dep't of Veteran Affs.*, No. CH-1221-14-0116-C-1, 2025 MSPB LEXIS 2280, at *1 (M.S.P.B. Apr. 21, 2025). The Board determined that Ms. Martin failed to prove the agency was the source of Deposing Counsel's information regarding her disciplinary history, emphasizing that Ms. Martin admitted she did not know where Deposing Counsel obtained the information and that Ms. Martin's own counsel hypothesized it was obtained from "various pleadings." *Id.* at *7 (quotation omitted). Combined with the agency's evidence of compliance, and evidence of alternative ways Deposing Counsel could have obtained the disciplinary information—namely,

references to Ms. Martin's disciplinary history in unrelated but publicly available Board decisions from 2014 (the 2014 Board Decision) and 2021—the Board denied Ms. Martin's petition for enforcement. *Id.* at \*7–8 (first citing *Martin v. Dep't of Veterans Affs.*, No. CH-0714-21-0155-I-1, 2021 WL 2894683 (M.S.P.B. July 9, 2021) (referencing Ms. Martin's 2014 proposed removal); and then citing *Martin v. Dep't of Veterans Affs.*, No. CH-1221-12-0374-W-2, 2014 WL 7045133 (M.S.P.B. Dec. 11, 2014) (referencing Ms. Martin's October 2011 reprimand)).

The Board's decision denying Ms. Martin's petition for enforcement became final on May 26, 2025. *See* 5 C.F.R. § 1201.113(b). Ms. Martin timely appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II

The scope of our review of Board decisions is narrow. We may only set aside the Board's decision if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review the Board's legal conclusions de novo and its factual findings for substantial evidence. *Hansen v. Dep't of Homeland Sec.*, 911 F.3d 1362, 1366 (Fed. Cir. 2018). The determination as to what the terms of a settlement agreement require is a question of law, whereas findings as to the conduct of the breaching party—what they did or did not do—is a question of fact. *Gilbert v. Dep't of Just.*, 334 F.3d 1065, 1071–72 (Fed. Cir. 2003). The petitioner, Ms. Martin, bears the burden of establishing the Board's error. *Harris v. Dep't of Veterans Affs.*, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

Ms. Martin makes two distinct arguments on appeal. First, Ms. Martin alleges that the agency *and* the Board breached the settlement agreement by not expunging references to her disciplinary history from the 2014 Board

Decision available online. Pet. Br. 2; *see Martin*, 2014 WL 7045133 (referencing Ms. Martin's October 2011 reprimand). But Ms. Martin did not make this argument in her petition for enforcement to the Board, and we may not consider it for the first time on appeal. *See Wallace v. Dep't of the Air Force*, 879 F.2d 829, 832 (Fed. Cir. 1989). Regardless, Ms. Martin's argument lacks merit. As the agency notes, the Board is not a party to the settlement agreement and thus cannot breach its terms. Resp. Br. 7; *see Fenlon v. Dep't of the Navy*, 582 F. App'x 883, 884 (Fed. Cir. 2014). Further, paragraph 2(a) requires only that the agency remove the specified disciplinary events from her OPF. S.A. 22 at ¶ 2(a). It does not require the agency to remove references to her disciplinary history from Merit Systems Protection Board decisions available in online third-party databases. Thus, the Board and agency's failure to expunge references to Ms. Martin's disciplinary history from the 2014 Board Decision does not constitute a breach of the settlement agreement's terms.

Second, Ms. Martin argues that the Board failed to consider that the agency "**admitted**" it provided her disciplinary records to a third party, and contends she was given "zero grounds" for relief despite the Board recognizing a breach of the settlement agreement. Pet. Br. 2–3. Ms. Martin's argument is belied by the record: the agency consistently denied any breach of the settlement agreement, and the Board explicitly concluded that Ms. Martin failed to prove any breach of the settlement agreement. *See Martin*, 2025 MSPB LEXIS 2280, at *1; S.A. 38–42. Further, substantial evidence—including sworn declarations from two current human resources employees attesting that the disciplinary events in paragraph 2(a) are not in Ms. Martin's OPF—supports the Board's factual findings. Thus, both of Ms. Martin's arguments on appeal lack merit, and the Board's decision is supported by substantial evidence.

III

We have considered Ms. Martin's remaining arguments and find them unpersuasive. For the foregoing reasons, the Board's order is *affirmed.*

**AFFIRMED**

COSTS

No costs.