# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARY J. JORDAN,
          Appellant,

      v.

DEPARTMENT OF THE NAVY,
          Agency.

DOCKET NUMBER
DC-0432-16-0370-I-1

DATE: February 3, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Kristen Farr</u>, Esquire, and <u>Rosemary Dettling</u>, Esquire, Washington, D.C.,
    for the appellant.

<u>Crista Kraics</u>, Quantico, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed her removal under 5 U.S.C. chapter 43. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Washington Regional office for further

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

adjudication consistent with *Santos v. National Aeronautics & Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

## BACKGROUND

¶2		The following facts are not in dispute. The appellant was previously employed as a Financial Management Analyst, NH-0501-03, in Quantico, Virginia. Initial Appeal File (IAF), Tab 1 at 2. Her position was covered under a Contribution-based Compensation Appraisal System (CCAS), which is similar to a traditional performance-based appraisal system. IAF, Tab 7 at 124-205; *see generally* 5 U.S.C. § 4703 (authorizing OPM to conduct demonstration projects); Civilian Acquisition Workforce Personnel Demonstration Project, Department of Defense, 64 Fed. Reg. 1426-01 (Jan. 8, 1999). Under the CCAS, an employee's performance is assessed based on her overall contribution to the agency's mission in six contribution factors, which is expressed as a numerical "contribution score." *Id.* at 108, 184; IAF, Tab 23 at 2. If an employee's contribution score during an appraisal period is less than her expected contribution level, she may be placed on a Contribution Improvement Plan (CIP) to provide her with a reasonable opportunity to improve her performance in the identified factors. IAF, Tab 7 at 189-90; Tab 23 at 2. If the employee's performance does not sufficiently improve during the CIP period, the agency may take an action, including a reduction in pay or grade (a change to a lower "broadband level"), a reassignment, or removal. IAF, Tab 7 at 190; *id.* at 164-65, 182-83.

¶3		On August 25, 2015, the appellant was informed that her contribution was unacceptable in all six contribution factors and was placed on a 60-day CIP. *Id.* at 69-79. By letter dated December 11, 2015, the agency informed the appellant that she met the expectations for improvement in contribution factor 3, but her performance continued to remain unacceptable in contribution factors 1, 2, 4, 5, and 6 at the end of the CIP, and proposed her removal. *Id.* at 52-58. After reviewing the written response and accompanying exhibits provided by the

appellant's attorney, the deciding official sustained the appellant's removal by a letter dated February 10, 2016. *Id.* at 22-50.

¶4    The appellant timely appealed her removal to the Board. IAF, Tab 1. After holding the appellant's requested hearing, the administrative judge issued an initial decision affirming the agency's removal action. IAF, Tab 25, Initial Decision (ID) at 1, 37. In the decision, the administrative judge determined the following: the agency's performance appraisal system was approved by the Office of Personnel Management (OPM); the appellant's performance standards were valid; the agency communicated the appellant's performance expectations to her at the beginning of the appraisal period; the agency warned the appellant of the inadequacies of her performance and provided her with an adequate opportunity to improve her performance; and the appellant's performance remained unacceptable in three of the six contribution factors during the CIP period.[2] ID at 23-29. The administrative judge also denied the appellant's affirmative defenses of discrimination on the bases of age and race, and reprisal for engaging in equal employment opportunity (EEO) activity. ID at 30-36. The appellant has filed a petition for review, and the agency has not filed a response. Petition for Review (PFR) File, Tab 1.

---

[2] In the initial decision, the administrative judge noted that even though the proposal letter indicated that the appellant's performance in contribution factor 6 was unacceptable, it also concluded that the appellant "minimally met [contribution] Factor 6" during the CIP period. ID at 4 n.2; IAF, Tab 7 at 56. Consequently, she determined that the agency failed to demonstrate that the appellant's performance was unacceptable in this contribution factor. ID at 4 n.2. We see no reason to disturb this finding on review. Additionally, although a heading in the initial decision states that the appellant's performance failed to meet the established performance standards in four critical elements, the discussion and findings that follow make clear that the administrative judge addressed the four remaining contribution factors and ultimately found that the appellant failed to meet the requirements for three of them (contribution factors 1, 2, and 4). ID at 24-29. Any error in this misstatement was inadvertent and harmless, and did not affect the outcome of the decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that was not prejudicial to a party's substantive rights provided no basis for reversal of an initial decision).

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶5       As an initial matter, we note that although the administrative judge correctly identified the performance system at issue in this appeal as a CCAS, she applied the elements of a typical chapter 43 appeal.  ID at 21-23; *see Thompson v. Department of the Army*, 122 M.S.P.R. 372, ¶¶ 3, 7 (2015).  The Board has recognized that the elements an agency must prove to prevail in an appeal of a CCAS contribution-based action are somewhat different than those in a traditional performance-based action under chapter 43, but that contribution-based actions are still appealable to the Board under 5 U.S.C. chapter 43.  *Thompson*, 122 M.S.P.R. 372, ¶ 3; *Lin v. Department of the Air Force*, 2023 MSPB 2, ¶¶ 12-18.  Under the CCAS at issue in this appeal, the agency was required to show the following by substantial evidence:[3]  (1) it notified the appellant that she would be placed on a CIP; (2) it informed her of what she must do during the CIP to demonstrate acceptable contribution and warned her that failure to do so could result in an adverse action; (3) it gave her a reasonable opportunity to demonstrate acceptable contribution during the CIP; and (4) the appellant's contribution was unacceptable during the CIP.  *Thompson*, 122 M.S.P.R. 372, ¶ 7.  The appellant does not assert that she was unaware of the applicable elements or burdens in her performance-based adverse action appeal.[4]  Nonetheless, after

---

[3] Contrary to the appellant's assertion on review, PFR File, Tab 1 at 6, the applicable standard in performance-based actions such as the one at issue in this appeal is a substantial evidence standard.  *See Thompson*, 122 M.S.P.R. 372, ¶ 7.  Substantial evidence is the "degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree."  5 C.F.R. § 1201.4(p).

[4] The appellant asserts that the administrative judge should have considered the applicable factors from *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981), in assessing the reasonableness of the agency's removal decision.  PFR File, Tab 1 at 6-7.  However, it is well settled that the *Douglas* factors do not apply in performance-based adverse action appeals under chapter 43.  *Lisiecki v. Merit Systems Protection Board*, 769 F.2d 1558, 1566-67 (Fed. Cir. 1985); *Lee v. Department of Labor*, 110 M.S.P.R. 355, ¶ 12 (2008).

considering the facts of this case, we find that the application of the above standards would not change the result and therefore we modify the initial decision accordingly.

The administrative judge correctly determined that, under the law in effect at the time, the agency satisfied its burden of proving that the appellant was provided with a reasonable opportunity to demonstrate acceptable contribution during the CIP period but her contribution level continued to remain unacceptable.

¶6         Regarding the first two elements detailed above, the appellant does not challenge the administrative judge's findings that the agency notified her in advance that she would be placed on the CIP, informed her of what she needed to do during the CIP period to demonstrate acceptable contribution, and notified her of the potential consequences if she failed to improve her contribution level during the CIP period.  ID at 4, 29; IAF, Tab 7 at 57, 72; *Thompson*, 122 M.S.P.R. 372, ¶ 7.  On review, the appellant generally challenges the administrative judge's findings that she was provided with a reasonable opportunity to improve her contribution level during the CIP period and that her performance nonetheless remained unacceptable.  PFR File, Tab 1 at 8-13.

¶7         Regarding her claim that the CIP did not provide her with a reasonable opportunity to improve her performance, the appellant first argues that the CIP requirements were unreasonably onerous and held her to an impermissible absolute standard.  *Id.* at 8-10.  An "absolute standard" is a standard under which a single incident of poor performance will result in an unsatisfactory rating on a critical element.  *Jackson v. Department of Veterans Affairs*, 97 M.S.P.R. 13, ¶ 9 (2004).  As an initial matter, the proposition that absolute performance standards are per se invalid has been rejected by the Federal Circuit and the Board. *Guillebeau v. Department of the Navy*, 362 F.3d 1329, 1337 (Fed. Cir. 2004); *Jackson*, 97 M.S.P.R. 13, ¶¶ 11-12.  Regardless, there is no evidence in the record suggesting that the requirements of any of the factors held the appellant to an absolute standard.  Rather, the notice of proposed removal and the accompanying spreadsheet maintained by the appellant's manager during the CIP period identify

that the appellant failed three of the six assigned tasks under contribution factor 1, three of the six tasks under contribution factor 2, and one of the four tasks under contribution factor 4.[5]  IAF, Tab 7 at 61-64.

¶8        In determining whether an agency has afforded an appellant a reasonable opportunity to demonstrate acceptable performance, relevant factors include the nature of the duties and responsibilities of her position, the performance deficiencies involved, and the amount of time that is sufficient to enable the employee to demonstrate acceptable performance.  *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 32 (2010); *see Towne v. Department of the Air Force*, 120 M.S.P.R. 239, ¶ 8 (2013).  The administrative judge provided a detailed analysis of these relevant factors, noting that the appellant's performance standards clearly described the performance expected of her and that the detailed task descriptions in the CIP memorandum provided her with clear guidance and objective benchmarks for success.  ID at 23-24; *see Towne*, 120 M.S.P.R. 239, ¶ 23.  The administrative judge also found that the agency informed the appellant of her performance deficiencies prior to the CIP, documented her deficiencies during the CIP in emails and on a spreadsheet, and provided her with ongoing feedback on her performance.  IAF, Tab 7 at 35-50, 61-64, 69-79; ID at 29.  The appellant's supervisor also met with the appellant several times during the CIP period and created a memorandum documenting what was discussed during at least one of those meetings.  ID at 6; IAF, Tab 7 at 56-57, 66-67; *Towne*, 120 M.S.P.R. 239, ¶ 20 (finding that an agency showed that it afforded a reasonable

---

[5] The appellant's claim that she was permitted "zero to four errors" for some tasks is also not supported by the record.  PFR File, Tab 1 at 8.  Contribution factors 1 and 2 required that the appellant submit a number of different spreadsheets, slides, and reports with, depending on the task, no more than two to four errors on the first draft, and zero errors on the *second draft*.  IAF, Tab 7 at 73-75.  The appellant also argues that the 2-day limit for her to reply to emails from her manager was unreasonable.  PFR File, Tab 1 at 15; IAF, Tab 7 at 63, 77.  However, this requirement was related to contribution factor 5, which the administrative judge did not sustain, and thus is not at issue on review.  ID at 29.

opportunity to improve when it met with the appellant in person and provided written and oral feedback). Finally, the CIP ran for the 60 days required by the agency's performance management system. IAF, Tab 7 at 23, 72, 190.

¶9 The appellant also reasserts that the CIP was unreasonable because it required her to complete tasks that were not typical job responsibilities for Financial Management Analysts, such as providing written summaries of meetings she attended and scheduling meetings with her supervisor to demonstrate her competency with agency systems and programs. PFR File, Tab 1 at 9-11. The administrative judge considered and rejected this argument below, crediting the testimony of the appellant's supervisor stating that the appellant was properly apprised of these tasks in advance, and that these tasks were necessary to measure the appellant's proficiency and competency in her job duties. ID at 26-27. We see no reason to disturb this finding on review. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002) (holding that the Board must defer to an administrative judge's credibility determinations when they are based on observing the demeanor of witnesses testifying at a hearing and the Board may only overturn such determinations when it has "sufficiently sound" reasons for doing so).

¶10 Accordingly, we discern no basis for disturbing the administrative judge's well-reasoned conclusion that the agency provided the appellant with a reasonable opportunity to demonstrate an acceptable contribution level during the CIP period. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶11 Next, the appellant challenges the administrative judge's conclusion that her contribution at the end of the CIP period remained inadequate. PFR File, Tab 1 at 10-13. Specifically, she argues that the administrative judge failed to consider

her improvements during the CIP period, noting that she managed to complete a number of the assigned tasks for each of the factors for which her performance was ultimately deemed inadequate.  *Id.*; IAF, Tab 7 at 61-64.  As a result, she argues that the administrative judge erred in concluding that her performance warranted an unacceptable rating in any of the factors "as a whole," and consequently, in concluding that her contribution remained unacceptable during the CIP period.  PFR File, Tab 1 at 10-13.

¶12      An agency need not show that an employee's performance was unacceptable on a majority of components of a critical element to prove unacceptable performance on the critical element as a whole.  *See, e.g.*, *Rogers v. Department of Defense Dependents Schools*, 814 F.2d 1549, 1554 (Fed. Cir. 1987) (finding that an unsatisfactory performance on one of six components of one critical element and two of four components of another warranted an unacceptable rating on both critical elements); *Lee*, 115 M.S.P.R. 533, ¶ 37 (finding that unsatisfactory performance in two of six components of one critical element warranted an unacceptable rating in that element).  Indeed, unacceptable performance in only a single component of a critical job element can be sufficient to justify removal for unacceptable performance.  *Wallace v. Department of the Air Force*, 879 F.2d 829, 834 (Fed. Cir. 1989); *see Shuman v. Department of the Treasury*, 23 M.S.P.R. 620, 627 (1984).

¶13      Here, the administrative judge provided detailed findings regarding the appellant's numerous performance deficiencies during the CIP period.  ID at 24-28.  Regarding the first contribution factor, the administrative judge determined that the appellant failed to timely provide required summaries of meetings, failed to satisfactorily complete exhibits as directed, and never scheduled a meeting with her supervisor to demonstrate that she knew how to navigate necessary systems for completing budget submission documents even though the CIP notice specifically instructed her to do so.  ID at 24-25; IAF, Tab 7 at 52-53, 61-62, 74.  Regarding contribution factor 2, the administrative

judge noted that the appellant failed to provide summaries of spend plan meetings for five of the six projects to which she was assigned. ID at 26. The appellant also failed to timely complete revisions to work, and in one instance submitted a report that still contained multiple errors after three rounds of revision, ultimately requiring her supervisor to complete the corrections herself due to time constraints. IAF, Tab 7 at 54, 62; ID at 26-27. Regarding factor 4, the administrative judge noted that the appellant failed to schedule a meeting to demonstrate her competency with agency systems and programs for which she was not seeking training, despite specific instructions to do so by her supervisor. ID at 27-28; IAF, Tab 7 at 55, 63. Consequently, the appellant's supervisor was unable to assess her competency in those systems to determine whether the appellant needed additional training. ID at 28.

¶14    In making these findings, the administrative judge made specific credibility determinations based on her observations of the testimony and her review of the documentary evidence in the record before her. ID at 24-29. Accordingly, we find no error in the administrative judge's conclusion that the agency met its burden in proving that the appellant's contribution level remained unacceptable in contribution factors 1, 2, and 4 at the end of the CIP period, and we see no reason to disturb these findings on review.

The appellant failed to prove her affirmative defense of reprisal for EEO activity.

¶15    The appellant also reasserts that she was removed in reprisal for engaging in the EEO complaint process. PFR File, Tab 1 at 13-17. The record reflects that the appellant filed an EEO complaint alleging discrimination on the bases of race, age, and general allegations of reprisal in July 2014 and February 2015, and amended the latter complaint on August 31, 2015, to include her placement on the CIP. IAF, Tab 20 at 6; Tab 22 at 11-13, 119-24; Tab 24, Hearing Compact Disc (testimony of the appellant). As the administrative judge correctly identified, to establish an affirmative defense of reprisal for protected EEO activity the appellant must first demonstrate that her EEO activity was a motivating factor in

the agency's action. *Gardner v. Department of Veterans Affairs*, [123 M.S.P.R. 647](#), ¶ 30 (2016), *clarified by Pridgen v. Office of Management and Budget*, [2022 MSPB 31](#), ¶¶ 23-24; *Savage v. Department of the Army*, [122 M.S.P.R. 612](#), ¶ 51 (2015), *overruled in part by Pridgen*, [2022 MSPB 31](#), ¶¶ 23-25; ID at 30-32.[6] If the appellant meets her burden, the agency then must show by preponderant evidence that the action was not based on the prohibited personnel practice, i.e., that it still would have taken the contested action absent the discriminatory or retaliatory motive. *Savage*, [122 M.S.P.R. 612](#), ¶ 51.

¶16    The administrative judge determined that the appellant had engaged in protected activity by filing EEO complaints. ID at 32-33. The administrative judge also determined that the proposing official was aware of the appellant's EEO complaint and knew that she was named in it, and that the appellant amended her EEO complaint approximately 3 months prior to her proposed removal. *Id*. However, in finding that the appellant failed to demonstrate that her protected activity was a motivating factor in the agency's decision to remove her, the administrative judge noted that aside from the close proximity in time between the amending of her EEO complaint and her proposed and effectuated removal, the appellant presented no evidence that any of the agency's actions were motivated by a desire to retaliate against her for the filing of the EEO complaint. ID at 33-35. Instead, as the administrative judge observed, the close proximity in time between the appellant's 2014 and 2015 EEO complaints and amendments, and her placement on the CIP and eventual removal can be explained by the fact that the appellant filed or amended an EEO complaint each time after she received a performance appraisal that identified concerns with her performance. ID at 32-33.

---

[6] Because we agree with the administrative judge's finding that the appellant failed to prove that her EEO activity was a motivating factor in her removal, we do not reach the question of whether the appellant proved that retaliation was a "but-for" cause of the removal action. *See Pridgen*, [2022 MSPB 31](#), ¶¶ 20-22, 29-33.

¶17 Furthermore, the administrative judge determined that the agency presented ample evidence that the appellant's significant performance deficiencies prior to and during the CIP were the actual reasons she was removed. ID at 33-35; *see Gardner*, 123 M.S.P.R. 647, ¶ 34 (finding that the appellant failed to establish EEO retaliation when, although she asserted that her supervisor knew about her EEO complaint, the proposal notice was specific as to her misconduct). Accordingly, we agree with the administrative judge's findings in this regard and decline to reweigh this evidence on review. *See Broughton*, 33 M.S.P.R. at 359 (observing that mere reargument of factual issues already raised and properly resolved by the administrative judge below do not establish a basis for review).[7]

Nevertheless, remand is necessary to afford the parties an opportunity to provide evidence and argument concerning whether the appellant's placement on the CIP was proper.

¶18 During the pendency of the petition for review in this case, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held in *Santos*, 990 F.3d at 1360-61, that part of the agency's burden under 5 U.S.C. chapter 43 is to justify the institution of a performance improvement plan (PIP) by proving by substantial evidence that the employee's performance was unacceptable prior to that time. Following the issuance of *Santos*, the Board issued an Opinion and Order in *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 15, which incorporated the changes made by *Santos* and set forth the agency's burden of proof, concluding that in order to defend an action under chapter 43 the agency must prove the following by substantial evidence: (1) OPM approved its performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of her position; (3) the appellant's performance standards are valid under 5 U.S.C.

---

[7] The appellant does not appear to contest the administrative judge's finding that the appellant failed to prove her affirmative defenses of discrimination on the bases of age and race, and so we have not addressed them here.

§ 4302(c)(1); (4) the appellant's performance during the appraisal period was unacceptable in one or more critical elements; (5) the agency warned the appellant of the inadequacies in her performance during the appraisal period and gave her an adequate opportunity to demonstrate acceptable performance; and (6) after an adequate improvement period, the appellant's performance remained unacceptable in at least one critical element.

¶19     Although the appeal in *Santos* involved a performance-based adverse action under a traditional performance-based appraisal system, we conclude that the court's reasoning applies equally to contribution-based adverse actions under CCAS. *See Lin*, 2023 MSPB 2, ¶ 19 (applying *Santos* to a performance-based action arising out of a similar contribution-based system). The agency's authority to initiate a CIP under CCAS is predicated on "[i]nadequate contribution assessment in any one contribution factor at any time during the appraisal period. . . ." 64 Fed. Reg. at 1481. Additionally, a CIP notice must explain how the employee's contribution scores are inadequate and what improvements are required and inform her that she may face adverse action "unless the contribution increases to, and is sustained at, a higher level. . . ." *Id*.; *cf. Santos*, 990 F.3d at 1360-61 (examining similar statutory language to conclude that that an agency must justify institution of a PIP when an employee challenges a performance-based removal under chapter 43).

¶20     The Federal Circuit's decision in *Santos* applies to all pending cases, including the instant case, regardless of when the events took place. *Lee*, 2022 MSPB 11, ¶ 16. Although the record in this appeal contains some evidence indicating that the appellant's contribution level leading up to the CIP was unacceptable, *see* IAF, Tab 7 at 69-70, 81-98, we remand the appeal to give the parties the opportunity to present argument and additional evidence on the issue, *see Lee*, 2022 MSPB 11, ¶¶ 15-17. On remand, the administrative judge shall accept argument and evidence on this issue and shall hold a supplemental hearing if appropriate. *Id*., ¶ 17.

¶21 The administrative judge shall then issue a new initial decision consistent with *Santos*. *See id*. If the agency makes the additional showing required under *Santos* on remand, the administrative judge may incorporate her prior findings on the other elements of the agency's case and the appellant's affirmative defenses in the remand initial decision. *See id*. However, regardless of whether the agency meets its burden, if the argument or evidence on remand regarding the appellant's pre-CIP performance affects the administrative judge's analysis of the appellant's affirmative defenses, she should address such argument or evidence in the remand initial decision. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (explaining that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and her legal reasoning, as well as the authorities on which that reasoning rests).

## ORDER

¶22 For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD: _____/s/ for_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.